## THE STATE OF KANSAS v. J. P. COWDIN.

FALSE PRETENSES, *Within the Statute.* Where the pretenses which are false are, that the defendant was procuring a loan from one R. with which to pay certain notes secured by a real-estate mortgage, which had been executed by him, and that he had come to the holder thereof for the purpose and with the intent to pay the notes, coupled with the promise to pay off the notes upon the execution of the release of the mortgage, and the possession of the notes and mortgage being given to him, *held,* to be within the statute.

### Appeal from Woodson District Court.

INFORMATION charging false pretenses under § 94 of the crimes act. The section reads:

"Every person who, with intent to cheat or defraud another, shall designedly, by means of any false token or writ-

ing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action, or any other valuable thing or effects whatsoever, upon conviction thereof shall be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

The information (omitting court and title) is as follows:

"In the name and by the authority of the state of Kansas, I, J. E. Pickett, county attorney in and for the county of Woodson and state of Kansas, who prosecute for and on behalf of the state of Kansas, in the district court of said district sitting in and for the county of Woodson, and duly empowered to inform of offenses committed within said county of Woodson, come now here and give the court to understand and be informed that, at the county of Woodson and state of Kansas aforesaid, and within the jurisdiction of this court, on or about the seventh day of June, in the year of our Lord one thousand eight hundred and eighty-one, one J. Prescott Cowdin, then and there being, did then and there unlawfully, feloniously and designedly, and with intent then and there to cheat, wrong and defraud one August Todman, come to the said Todman, and did falsely and fraudulently pretend, designedly and with intent to cheat and defraud him the said Todman of the sum of two thousand four hundred and fifty ($2,450) dollars, which sum was then and there due to the said Todman from the said Cowdin, according to the terms of five certain negotiable promissory notes of the tenor and effect following, to wit:

$500.　　　　　　　　　　YATES CENTER, KANSAS, June 15, 1880.

On March 1st, 1881, after date, I promise to pay to the order of Lucinda C. Cowdin five hundred ($500) dollars, at Jacksonville, Illinois, value received, with interest at 8 per cent. per annum from date until paid.　　　　　　　　　　　　　　　　　　　J. P. COWDIN.

No. 1, due March 1, 1881.

(Indorsed:) 'Without recourse.—LUCINDA C. COWDIN.'

[Here are set forth four other promissory notes of like amounts, but due at different dates.]

"Said five negotiable promissory notes, together with the mortgage given to secure the same, (the said mortgage being the one which is hereinafter described and referred to,) being of the value of two thousand six hundred and ninety-five and $\frac{50}{100}$ ($2,695.50) dollars, and to secure the release of a certain mortgage deed on and to the N.E. $\frac{1}{4}$ of section seventeen (17), in township twenty-five (25), range sixteen (16),

E., given by the said J. P. Cowdin as grantor to Lucinda C. Cowdin as grantee, to secure the payment of the aforesaid notes, which said notes and mortgage had been duly transferred and assigned unto the said Todman, and for the foreclosure of which said mortgage deed and the collection of which said several notes suit was then pending in the district court of the seventh judicial district of the state of Kansas, sitting in and for the said county of Woodson, and to compromise and settle said suit and to procure the same to be dismissed; and did designedly, with intent to cheat and defraud the said August Todman, falsely and fraudulently pretend and say that certain money which he, the said Cowdin, was then and there procuring by loan from one Levi Robbins as agent of S. P. Robbins, he was so procuring for the purpose and with the intent and design then and there to pay the same to the said Todman in satisfaction of said notes and mortgage, and to secure the settlement and dismissal of said suit pending in the district court for the foreclosure of the said mortgage and for the collection of said notes as aforesaid, and did ask the said Todman if he would accept a check from the said Levi Robbins on the Humboldt bank of Dayton, Barber & Company for the sum of fourteen hundred dollars as a part of the said sum of twenty-four hundred and fifty dollars, which he then and there falsely pretended that he was about to pay to the said Todman as aforesaid. And having and holding in his hand the sum of one thousand and fifty dollars and the duly executed check of the said Levi Robbins on the Humboldt Bank of Dayton, Barber & Company, he, the said J. Prescott Cowdin, did then and there designedly and with intent to cheat and defraud the said August Todman, falsely and fraudulently pretend that he was then and there about to pay over and deliver the said money and the said check to the said Todman, in exchange for and in liquidation of said notes and mortgage, saying, after he had counted over the money in his hand as aforesaid: 'Here is the money all right: where are those papers of mine?' meaning the notes and mortgage, and by reaching out and extending his hand in which he then and there held the money and check as aforesaid, as if he intended to pay over and deliver said money and check in exchange for and in satisfaction of said notes and mortgage. And the said August Todman, relying on the said representations and pretenses so as hereinbefore alleged to be false and fraudulent, and being deceived thereby, did execute a release of said

mortgage upon the record book of mortgages in the office of the register of deeds of Woodson county, in the state of Kansas, and did deliver and give over unto the said Cowdin the notes and mortgage hereinbefore described, which said notes and mortgage he, the said J. Prescott Cowden, did then and there obtain by reason of and through the false and fraudulent pretenses hereinbefore alleged and set forth, designedly and with intent to cheat him, the said August Todman, and did take them into his own possession, and carried away and has not since returned them, nor any of them, to the said Todman. Nor did he, the said Cowdin, then and there or at any time since pay unto the said Todman the sum of twenty-four hundred and fifty dollars, or any part thereof, nor deliver unto him the said check aforesaid; but that the said representations and pretenses, and all of them, were false and fraudulent, as he, the said Cowdin, well knew, and were made designedly with intent to cheat and defraud said August Todman. That the said Cowdin did not come unto the said Todman for the purpose and with the intent and design to pay, nor did he at any time design or intend to pay, the said Todman the said sum of twenty-four hundred and fifty dollars, nor any part thereof, in satisfaction of said notes and mortgage as aforesaid; nor did he procure the said loan of the said Robbins for the purpose and with the design and intention of paying the same unto the said Todman as aforesaid in satisfaction of said notes or mortgage, or otherwise; nor did he intend to pay over and deliver said check obtained from the said Robbins; nor did he intend to give said money and check unto the said Todman in exchange for and in satisfaction of said notes and mortgage at and when he asked for them.

"That the said acts and words of the said Cowdin as aforesaid, were done and spoken without any intention of doing and performing the things indicated and spoken, but with the intent to cheat, injure and defraud the said Todman; and the said Todman, being deceived by the said acts and words, the false and fraudulent pretenses hereinbefore alleged, and relying on them, was induced thereby to execute the release of the mortgage as aforesaid, and to give and deliver unto the said Cowdin the said notes and mortgage as aforesaid."

At the October Term, 1881, of the district court, defendant filed a motion to quash the information, which was overruled. Thereupon the defendant appealed to this court.

W. H. Slavens, and Cates & Keplinger, for appellant.

J. E. Pickett, county attorney, and J. R. Goodin, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The information filed in this case sets forth false pretenses within the statute, and the court committed no error in overruling the motion to quash. We held, *In re Snyder*, 17 Kas. 542, that it must appear that the pretense relied upon relates to a past event or to some present existing fact, and not something to happen in the future. Yet we further said in that case, that it is not necessary, to constitute the offense of obtaining goods by false pretenses, that the owner has been induced to part with his property solely and entirely by pretenses which are false; nor need the pretenses be the paramount cause of the delivery to the prisoner. In this case, it is averred in the information that the appellant falsely and fraudulently pretended and said that the money which he was then and there procuring by loan from one S. P. Robbins, he was so procuring for the purpose and with the intent and design to pay the same to the prosecuting witness, one August Todman, in satisfaction of the notes and mortgage then held and owned by Todman, and to secure the settlement and dismissal of the action brought thereon and then pending in the court against him. It also sets forth in the information that appellant falsely and fraudulently pretended to the said Todman that he had come to him for the purpose of paying the notes held by the latter against him. These statements are false pretenses, as they are the representations of facts calculated to mislead, which are not true, and moreover, they are fraudulent representations of existing or past facts. The appellant was not procuring money from S. P. Robbins or anyone else to pay the same to Todman to satisfy the notes and mortgage held by him; and the appellant had not come to Todman to pay the notes secured by the mortgage. The mere promise of the appellant to pay the notes and mortgage, not relating

18—28 KAS.

either to a past or present event, would not support an information for false pretenses, as a promise is not a pretense; but as there are sufficient false pretenses of existing and past facts set forth in the information, blended, nevertheless, with a promise for the future, the pretenses are within the statute. Bishop says:

"The English judges hold that where the pretense and the promise, blended together, acted jointly on the mind of the defrauded person as the inducement to part with his goods, and he would not have parted with them by reason of the pretenses alone without the promise, the case falls within the statute. If this doctrine seems at the first impression to carry the law far toward the shadowy ground of mere promise, a single consideration added to what has already been said shows that it does not carry it over the line. Were a promise not permitted to intervene between the pretense and the cheat, without destroying the indictable quality of the transaction, the statute itself would be rendered almost null. And no construction of any statute is allowable, the consequence of which is to nullify it." (2 Crim. Law, 6th ed., §§ 427, 429; *The State v. Dowe*, 27 Iowa, 273.)

The order and judgment of the district court will be affirmed.

All the Justices concurring,