### T. E. GEORGE v. WILLIAM HESSE.

Decided January 20, 1909.

**1.—Fraudulent Representation—Measure of Damages.**

On an exchange of property, the measure of damages for fraudulent representations inducing the trade (as to the existence of a flowing well of water thereon) was the difference between the value of the property received and that given in exchange.

**2.—Same.**

Where the plaintiff received city property encumbered with a debt of $2,600 in exchange for land in the country with a lien upon it for $2,500, and sued for damages for fraudulent representation inducing the trade that there was a well upon the land conveyed to him, a charge fixing the measure of damages at the difference, if any, between the reasonable market value of the property he parted with on the day the trade was consummated and the reasonable market value of that which he received under the deed from defendant, was not error.

Error from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Gordon Bullitt, A. C. Bullitt* and *Newton & Ward,* for plaintiff in error.

*Clark & Lytle* and *Bertrand & Arnold,* for defendant in error.

JAMES, CHIEF JUSTICE.—This is the second appeal in this case. See George v. Hesse, 100 Texas, 44, and 94 S. W., 1122. In those opinions the nature of the case is shown. At the recent trial Hesse, the plaintiff, obtained judgment for $1,000.

It is deemed unnecessary to state the pleadings, as the assignments simply involve the charge in respect to the measure of damages, and the evidence in regard to its sufficiency.

The measure of the damages, if any, to which plaintiff would be entitled, is thus expressed by the Supreme Court: "If the plaintiff recovers a sufficient sum of money to make that which he has received equal to that which he has conveyed and that which he has assumed to pay, he is compensated for his loss and, as we think, that is the measure of his damages."

The court, at the trial just had, charged the jury that if they found the fact of false representation, and that it had induced the trade, "and if you further find from the evidence that the reasonable market value of that Hesse parted with was greater than the reasonable market value of that which he received under the deed from George, then you are instructed to return a verdict for the plaintiff." And if they so found, "then your verdict should be for the difference, if any, between the reasonable market value on the day the trade was consummated of that which Hesse parted with and the reasonable market value of that which he received under the deed from George."

The first and fourth assignments are directed to the above rule for ascertaining the damages. The propositions are: 1. The proper measure of damages is the difference between the value of what Hesse parted with and the value which he received under the agreement and trade. 2. The court's charge was erroneous in restricting the deliberations of the jury to the value of the land and personal property described in the deed from George to Hesse, when the uncontroverted evidence shows that in addition to the land and personal property Hesse received $2,600 in a negotiable note, which he reduced to cash.

Under both of said assignments the vice in the court's charge, as appellant urges, is that it confined the jury's consideration to what George had given Hesse by deed, and excluded George from the benefit of the $2,600 note which he was shown to have given Hesse in the transaction. The testimony of George himself (and Hesse's testimony is not substantially different) shows clearly that he gave Hesse the $2,600 note in order that out of it should be paid an existing mortgage and some other charges on Hesse's property, which was valued at $4,600 (all of which charges were paid out of the proceeds of the note), and thereby leave Hesse's interest in the property of the value of $2,000. Hesse's property was placed in this position in order that his place should figure in the trade as of the value of $2,000. The giving of the $2,600 note and the use of the proceeds derived from it in discharging the mortgage existing on Hesse's property, were but steps taken to leave Hesse with a $2,000 interest in the property, and to put the property in a shape for him to give in the trade at that figure. Therefore the property with the $2,600 charge upon it, or the value of the property less the $2,600, was what Hesse used and parted with in the transaction, and what George received in the trans-

action (except, of course, the mortgage, etc., which Hesse agreed to assume on the property George conveyed him). . It would have been error for the court to charge that the $2,600 was a part of what Hesse received in the trade as the same was made. Judgment affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The opinion contains an inaccurate statement where it states that the $2,600 note was given to cover existing charges on Hesse's property. The fact is that only about one-half of its proceeds went that way. This inaccuracy does not affect the conclusion arrived at. Mr. George stated the transaction thus: "I want to state this clearly: The proposition made by Mr. Hesse and talked between him and me was that he would give me his place here in the city with a debt of $2,600 on it for my two-third interest in the land at Carrizo with a vendor's lien of $2,500 on it. He was to assume that and I was to assume the $2,600 on his place here." Hesse's testimony (even what is quoted in the present motion) is substantially the same. Now, referring to the language of the charge complained of, what did Hesse part with? Clearly, his city place encumbered with $2,600. What did he receive from George for it? That which the deed from George gave him, viz., the two-third interest in the Carrizo land encumbered with a debt of two-thirds of $2,500. The trade or exchange which both testify to was of the corresponding equities, each for the other, as they stood. The difference in values, in estimating the damages in this case, had reference to the values of the respective equities as the lands were thus encumbered. All that either got from the other was through the deed made to him, and there was no error committed by the court in making use of the word "deed" in the charge. Motion overruled.

*Overruled.*

Writ of error refused.