No. 18,601.

MARY E. MCDANEL, *Appellee*, V. JOHN WHALEN et al. (JOHN WHALEN, *Appellant*).

SYLLABUS BY THE COURT.

1. EXCHANGE OF PROPERTIES — *Fraudulent Representations — Measure of Damages.*. In an exchange of properties, where one of the parties fraudulently represented to the other that a tract of land pointed out was the quarter section that was to be and subsequently was conveyed, and the tract so pointed out was superior in quality although less in quantity than that conveyed, the measure of damages for the fraud and deceit is the difference between the value of the quarter section conveyed and what it would have been worth if the representations made had been true; that is, what it would have been worth if the quarter section received had been such quality of land as the smaller tract pointed out and which was fraudulently represented to be the quantity of land that was actually conveyed.

2. SAME—*Evidence Supports Findings and Verdict.* The testimony examined and held to be sufficient to support the findings and verdict of the jury.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed February 7, 1914. Affirmed.

*C. W. Burch*, and *B. I. Litowich*, both of Salina, for the appellant.

*R. A. Lovitt*, and *Z. C. Millikin*, both of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mary E. McDanel brought this action to recover damages from John Whalen and his agent, Mathias A. Lohr, alleged to have resulted from misrepresentation and fraud of the latter in the exchange of properties. She owned city property in Salina, and Whalen owned land in Lane county, Kansas. An agreement of exchange was made and deeds of conveyance were executed and delivered, the deed from Whalen to McDanel conveying the northwest quarter of a certain section. She claims, however, that a different tract of much greater value was pointed out to her as the land to be conveyed; that her husband, who was acting for her in the matter, was unacquainted with lands in that section of the state, or with the location and boundaries of the same, and that she was unaware that the land shown was not the land conveyed until some time after the transfer was made. It was further claimed that the land pointed out, which was a part of the northeast quarter of the section, was worth about $2500 more than the northwest quarter that was actually conveyed to her. A general verdict, as well as some special findings, were returned in favor of McDanel, the jury awarding her damages in the sum of $1000.

On this appeal it is contended that the court should have directed a verdict in favor of appellant, on the ground that appellee had received the northwest quarter, as she alleged, when she believed she was receiving the northeast quarter, whereas the testimony showed that she knew all the time that she was not to receive the northeast quarter. There is some confusion in the averments of the petition, but when all in the pleading are considered together it is apparent that no mistake could have been made as to the purpose of the pleader or the basis upon which a recovery was sought. In short, it was that appellant had defrauded

appellee by conveying to her another and less valuable tract of land than that which was pointed out and represented to her to be the land owned by Whalen which was being conveyed to her. Appellee knew, of course, that Whalen owned the northwest quarter and the numbers of the land that was being conveyed, but the fraud was in representing to her that other and better land shown to her was the northwest quarter and the tract which was being conveyed to her.

It is contended that the evidence does not support the verdict and, further, that appellee's evidence is inconsistent with the averments of her petition as well as with the findings of the jury. The appellant Lohr took C. S. McDanel, who represented appellee in the transaction, out to see the Lane county land, and instead of going directly to the northwest quarter he drove north on the east side of the northeast quarter, which was owned by one Hallam, passing about a half mile east of the northwest quarter and about a half mile north of that quarter. There he turned about and started in a southwesterly direction with a view of going upon and inspecting the northwest quarter. In doing so they passed through a rough section of land over hills and gullies until they came to a fence which Lohr said was the north line of the northwest quarter. He stated that he took this indirect course in order that Hallam would not learn that a trade of land adjoining his own was in contemplation. According to the testimony of appellee, Lohr told McDanel that a certain fence, which he pointed out and which was on the west side of the Hallam land, was the west line of the northwest quarter and that a certain ridge pointed out at a distance east of them was the east line of the northwest quarter. As a matter of fact, the land pointed out was the western part of the Hallam land and was a much better quality of land than that in the northwest quarter. It was admitted by Lohr after-

wards that he took McDanel through the Hallam land, and the jury found that he made misrepresentations to McDanel as to the location of the northwest quarter, and, further, that it was with the intent to defraud appellee. The land pointed out to McDanel as the northwest quarter was, of course, much less than a half mile from the east line of the Hallam land and along which McDanel had traveled, and the Hallam house, which was near the southeast corner of that quarter, could be seen at several points on the route taken by Lohr and McDanel. It is insisted, therefore, that McDanel must have seen and understood the location and known that he was on the Hallam land and not on the northwest quarter. McDanel, however, accounts for his failure to observe the location and discover the deception by the fact that he was unfamiliar with that section of the country, and also that the wind was blowing at the time, carrying considerable snow and dust in the air, and, further, that he relied on the statements made by Lohr. In one part of his testimony McDanel spoke as if he had known that he was passing over the Hallam land, but there is some ground for the claim that he was speaking of what he has since learned as to the boundaries of the quarter. There appears to be sufficient evidence to support the view that he was told and believed that the land pointed out to him constituted the northwest quarter of the section which was proposed to be conveyed to his wife.

It is next urged that error was committed in an instruction given to the jury in regard to the measure of damages. It was:

"Should your verdict be for the plaintiff, you are instructed that the measure of her damages would be the difference between the value of the said northwest quarter of said section 27, and the value of 160 acres of land of the character pointed out to McDanel by Lohr."

According to the testimony, the land pointed out was represented to be a quarter section of land and to constitute the northwest quarter which was subsequently conveyed to appellee. There was misrepresentation as to quantity as well as to location. Appellee was entitled to recover the difference between the value of the quarter that she received and a tract of that quantity if it had been such land as was pointed out to her and which she was fraudulently led to believe was a quarter section. (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562.)

No material error is found in the rulings, and the judgment of the district court will, therefore, be affirmed.