No. 20,419.

THE EDWARD THOMPSON COMPANY, *Appellant*, V. EDGAR FOSTER, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE—*Law Books—Payments—Pleadings.* A controversy regarding application of payments held to be foreclosed by the pleadings.

2. SAME— *Written Contract — Contemporaneous Oral Agreement.* The record held not to present for review any question with regard to the effect upon a written contract of a contemporaneous oral agreement.

3. NEW TRIAL—*Surprise—No Diligence Shown.* An application for a new trial on the ground of surprise held not to have been supported by a sufficient showing of diligence.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed June 9, 1917. Affirmed.

*C. L. Marmon*, of Garden City, for the appellant.
*W. C. Pearce*, of Garden City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Edward Thompson Company sued Edgar Foster, its petition setting out two causes of action, separately stated. The first was for the full purchase price of a set of law books for which the defendant had given a written order. To this a defense was interposed to the effect that the books had been sold on approval, with the privilege of returning them upon examination, which had been exercised. On this issue the defendant prevailed. The second cause of action was for the balance due on another set of books, not referred to in the written order. On this count no issue was raised except with respect to the agreed price, which was resolved in favor of the defendant, and judgment was rendered for the amount which he admitted to be due. The plaintiff appeals.

No specification of errors has been made, and no specific rulings are complained of. The grounds upon which a reversal is asked seem to be substantially these: (1) Credit for the several payments that were made should have been applied to the two claims jointly, instead of wholly to that set out in the second count; (2) the rule was violated which forbids the variation of a written contract by evidence of a contemporaneous oral agreement; (3) new and material evidence on the controverted matter of fact was produced at the hearing of the motion for a new trial. Of these several propositions it may be said:

1. The first count made no reference to any payments, but specifically alleged that no part of the purchase price of the books for which the written order was given had been paid. The second count alleged that there was due thereon "the sum of $72 [the purchase price] less the following credits as shown by the ledger account of both causes of action [setting out three cash items, totaling $37.50], which leaves the sum of $32.50 [apparently a miscalculation for $34.50]." The reference to the credits being shown by "the ledger account of both causes of action" had no tendency to contradict the allegations that no payments had been made on the first, and that all the payments shown were credits upon the second. Without an amendment of the pleading—and none was made or offered —there could be nothing to try with respect to the application of payments.

2. The defendant testified that at the time the written order was signed a letter was written by the plaintiff's agent which modified its terms by giving him the privilege of returning the books after examination. The counter-abstract quotes the defendant as testifying: "We entered into an agreement with the company by letter, signed by their agent, who provided that . . . the contract was not to become binding until I had time to examine the digest." This might seem to refer to an agreement made orally by the agent. But the transcript shows the language of the witness to have been: "We entered into an agreement with the company by letter, signed by their agent, *which* provided," etc.; thus making it clear that the defendant relied upon a written and not an oral modification of the order which he signed, although he testified incidentally to the conversation leading up to it. No objection was made to the evidence of the talk that preceded the signing of the order, nor was any instruction asked regarding it. The modern view is that the rule which denies effect to an oral agreement, where it contradicts a written contract entered into at the same time or later, is one not merely of evidence, but of positive law (4 Wigmore on Evidence, § 2400; 3 Jones' Commentaries on Evidence, § 434, especially p. 154; 21 A. & E. Encycl. of L. 1079; 17 Cyc. 570), and, therefore, that the failure to object to the admission of evidence of such an oral agreement does not alter the legal rights of the parties (10 R. C. L. 1018; *Rochester Tumbler Works v. M. Woodbury Co.,* 215 Mass. 194; *Pitcairn v. Philip Hiss Co.,* 125 Fed. 110; *Dollar v. International Banking Corp.,* 13 Cal. App. 331; *Piretti v. Firestone Tire and Rubber Co.,* 120 N. Y. Supp. 782; *Loomis v. N. Y. C. & H. R. R. R. Co.,* 203 N. Y. 359; *Lock v. Citizens' Nat. Bank* [Tex. Civ. App.], 165 S. W. 536), although there are earlier cases to the contrary (8 Encyc. of Pl. & Pr. 234, and 2 Supplement, 353; see, also, *Brady v. Nally,* 151 N. Y. 258). As suggested in the case last cited, parties to litigation may, of course, by their voluntary act, deprive themselves of the benefit of any rule of law except when the interests of the public might thereby suffer. A deliberate purpose to waive the rule as to the binding force of a written contract is hardly inferable from a mere omission to object to evidence of a contemporaneous oral agreement, which under the law could not affect it.

But here there is no reason to suppose that the jury found for the defendant on the theory that the written order was modified by the agent's talk. His testimony was that the additional agreement was itself reduced to writing and signed, and the fair presumption is that the jury accepted his version of the transaction throughout. The abstract, through an obvious clerical error, quotes an instruction as saying: "If you find that the contract was all in writing, as claimed by the plaintiff, the plaintiff will be entitled to recover the sum of $112 on the first cause of action." This would indicate that the jury, in deciding for the defendant, must necessarily have found that the contract was not all in writing, and therefore must have given effect to an oral agreement. But the original record shows that the instruction as given read: "If you find that the contract was all in writing, *and* as claimed by the plaintiff," etc. Even if the instruction as a whole permitted a verdict for the defendant on the strength of an oral agreement, the plaintiff is not in a position to ask a reversal on that ground, for no objection to it in any form is shown, the motion for a new trial not referring to it specifically or covering it by any general reference.

3. The motion for a new trial alleged that the plaintiff was surprised at the evidence of the writing of a letter modifying the written order, but the answer pleaded a modification, and to have been effective it must have been in writing. Moreover, no evidence that such a letter was not written was produced until the motion for a new trial had been overruled. On a motion to reconsider the ruling (filed over a month later), an affidavit of the plaintiff's agent was filed, denying the writing of the letter. This was, of course, too late to be effective; but in any event the plaintiff did not show such diligence as to entitle it to a new trial. The evidence regarding the contents of the letter went in without objection, although doubtless it could have been excluded in the absence of a showing of a due demand under the statute for the production of the letter. (*Hull v. Allen,* 84 Kan. 207, 210; 113 Pac. 1050.) No request was made for a continuance to enable the plaintiff to meet this evidence, and having taken its chances with the jury as the matter stood, without objection, it is not in a position to demand a further opportunity for a trial of the facts.

The judgment is affirmed.