Spencer v. Agnew.

No. 23,898.

M. R. Spencer, *Appellee*, v. John L. Agnew and C. B. Kirtland
(John L. Agnew, *Appellant*).

SYLLABUS BY THE COURT.

1. Contract of Settlement — *False Representations — Finding of Jury — No*
*Defense to Action for Damages.* At the settlement of the claim which
appellee had against him, the appellant produced a promissory note, stat-
ing that it was the note of a certain corporation for one thousand dollars
due in one year, and asked appellee if she would take it in the settlement.
He told her the note was to be left with an officer of the bank for col-
lection. Believing the representations, she agreed. The banker was called
in and agreed to the arrangement to take possession of the note. A year
later appellee asked for the proceeds of the note, and the banker informed
her that it had been paid and the proceeds reinvested by him in other
notes. These she refused to accept and sued both parties to recover the
value of the note she was to receive. There was a verdict in her favor
against appellant for the value of the note as represented, and a verdict in
favor of the other defendant. *Held,* that a special finding, to the effect
that after his settlement appellant had nothing to do with the business
between appellee and the bank, will not relieve him from liability for the
loss the appellee sustained by his failure to comply with his contract.

2. Same—*Breach of Contract—Measure of Damages.* In the case stated in the
preceding paragraph the jury found that at the time of the settlement
appellant did not own or have in his possession the note he agreed to turn
over to the appellee, and further, that she never accepted in lieu thereof
the one-thousand-dollar note of any other person. The rule that a party is
entitled to such damages as are the natural, direct and proximate result of
the breach of a contract is applied, and *held,* that the appellee was entitled
to the benefit of her bargain. (*Stevens v. Matthewson,* 45 Kan. 594, 26
Pac. 38; *McDanel v. Whalen,* 91 Kan. 488, 492, 138 Pac. 590; *Epp v.
Hinton,* 91 Kan. 513, 516, 138 Pac. 536.)

3. Trial—*Instructions Must Be Considered in Their Entirety.* A claim of
error predicated upon the singling out of a particular instruction and the
ignoring of the instructions in their entirety is not sustained; and *further
held,* that, considered in their entirety, the instructions are not to be con-
strued as authorizing a verdict against appellant unless the jury found that
the appellee was damaged by his breach of the contract.

Appeal from Saline district court; Dallas Grover, judge. Opinion filed
November 4, 1922. Affirmed.

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellant.
*Z. C. Millikin,* of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.:   The action was one to recover the value of a certain promissory note which the plaintiff claims she was entitled to receive from the appellant.   The case is this.

John L. Agnew, the appellant, had in his possession $2,000 belonging to the appellee, Mrs. M. R. Spencer.   By arrangement they met at the Traders State Bank, at Salina, to make settlement.   One thousand dollars of the claim was paid to her in the form of a note and mortgage with some cash.   Agnew then produced a promissory note which he held in his hand and stated to Mrs. Spencer that it was a thousand-dollar note of the Salina Light, Power & Gas Company, and said to her, "Will you take this note for the remaining thousand dollars?"   She knew the light company was perfectly good, and Agnew knew that her son-in-law was secretary of the company.   She said that she would take the note for the other thousand dollars.   She expected it to be turned over to her, but Agnew said that the note was to be left with C. B. Kirtland, an officer of the bank, for collection.   Kirtland was called in, and Agnew stated to him that a settlement had been effected, and the note was handed over to Kirtland.   When it matured, about a year later, Mrs. Spencer requested Kirtland to bring the note to her at her home.   He called there, paid her a year's interest on the $1,000, and when she asked for her light company note he offered her three other notes, referred to in the evidence as the "Broeker notes," which she refused to accept.   She inquired what had become of her light company note.   Kirtland made no answer to this question, and left her.   Some time later Mrs. Spencer discovered that Agnew never had a light company note for a thousand dollars, and that no such note had been turned over to Kirtland.   She sued both Agnew and Kirtland.   Each answered that a note of the light company for that amount had been delivered to her and left with Kirtland for collection, and that he had collected the note and reinvested the proceeds in three other notes.   Issues were joined and a trial had, in which the jury returned a general verdict against Agnew for the amount of the note and interest.   Among the special findings returned was the following:

"Q. 13. Did the defendant, John L. Agnew, have anything to do with the business of the plaintiff and the Traders State Bank after March 29, 1917. A. No."

Agnew contends that because of this finding by the jury, Mrs. Spencer could not have been injured in any manner by his action. The argument is based in part upon the answer of Agnew's co-defendant, Kirtland, in which he alleged that on the 29th of March, 1917, Mrs. Spencer left in his custody a certain thousand-dollar note, executed and delivered by the Salina Light, Power & Gas Company, with instructions that if the note was paid to reinvest the proceeds in other notes in accordance with his best judgment, so as to net her not less than six per cent per annum. Kirtland's answer also alleged that he had followed these instructions. The appellant next argues that the general verdict in favor of Kirtland amounts to a finding that everything he set up in his answer was absolutely true, and that therefore appellant was relieved from any liability for what occurred after the 29th of March, 1917. Presumably the appellant also relies upon the verdict in favor of Kirtland as a finding that the appellant fully complied with any promises he may have made to deliver a certain note to the appellee on that date. The entire contention ignores the fact that the jury also found in favor of the appellee and against Agnew. It ignores the testimony of an auditor who examined the bank books, and the secretary of the light company who had examined the records of that company, which established that no such note as the one Agnew represented he was turning over to the appellee was in existence at the date of the settlement. It is probably true that Kirtland received a note of some kind for a thousand dollars; and he may have collected the same and reinvested the proceeds; but the appellee's testimony was that she had never given him authority to reinvest any money for her. As suggested in the appellee's brief, if Agnew turned over another note to Kirtland and he appropriated it or its proceeds the loss does not fall on the plaintiff. If she had agreed to exchange her claim for a horse she could not be compelled to receive a mule.

The rule is that a party is entitled to recover, for a breach of contract, such damages as are the natural, direct and proximate result of the breach. (*Speed v. Hollingsworth,* 54 Kan. 436, 441, 38 Pac. 496; *George v. Lane,* 80 Kan. 94, 102 Pac. 55. *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562; *McDanel v. Whalen,* 91 Kan. 488, 492, 138 Pac. 590; *Epp v. Hinton,* 91 Kan. 513, 516, 138 Pac. 536.)

In this case Mrs. Spencer was entitled to the benefit of her bargain.

The jury were unable to say whether Agnew on the date mentioned turned over to the appellee a note for a thousand dollars upon the settlement that day at the Traders State Bank, but did find that at the time of the settlement Agnew did not own or have in his possession a one-thousand-dollar note of the light company, and that by the terms of the settlement Mrs. Spencer was to have that particular note in part payment of her claim against Agnew. Another finding is that she never accepted in lieu thereof the one-thousand-dollar note of anyone else.

The fact that Agnew had nothing to do with the business between Mrs. Spencer and the bank after March 29, 1917, would not relieve him of liability for the wrong perpetrated upon her at the settlement. Therefore the answer of the jury to question No. 13 is a finding of a fact of no importance in determining the rights between Mrs. Spencer and Agnew.

It is insisted that the 8th instruction is erroneous for the reason that it authorized a verdict against Agnew if the jury found that in the settlement he represented to Mrs. Spencer that he was delivering the note of the light company, which representation was false, provided they found from the evidence that plaintiff relied upon his representations and believed that the note she was receiving was the note of the light company. The complaint is that the court did not couple with these provisos another to the effect that the jury must also find she was injured; but in the 12th instruction the court charged that before the jury could return a verdict against Agnew they must find that Mrs. Spencer was damaged by his acts. The claim of error is predicated upon the singling out of a particular instruction and ignoring the instructions in their entirety. The appellant concedes that if the instructions are considered together they correctly state the law. The rule is that they will be considered in their entirety.

The judgment is affirmed.