No. 42,534

BERNARD F. PERRY, *Appellee*, v. SCHOONOVER MOTORS, INC., a Corporation, *Appellant*.

(371 P. 2d 152)

Opinion filed May 5, 1962.

*Ralph E. Skoog*, of Topeka, argued the cause, and *J. A. Dickinson, Sam A. Crow, Jack C. McCarter* and *Hart Workman*, all of Topeka, were with him on the brief for the appellant.

*Wright W. Crummett*, of Topeka, argued the cause, and *Hall Smith* and *William L. Rees*, both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for damages resulting from the alleged misrepresentation of an automobile as *new* by the defendant dealer to the plaintiff buyer when, in fact, the automobile was a *used* current model with low mileage. Appeal has been duly perfected by the defendant from a verdict and judgment for the plaintiff in the sum of $1,000 and costs, specifying various trial errors.

The questions presented concern the admission of evidence and instructions as to the measure of damages.

In May, 1958, the appellant, Schoonover Motors, Inc., transferred its Lincoln-Mercury franchise to Bob Nowlin Motors. The appellee, Bernard F. Perry, was aware that Schoonover was selling the franchise.

In the early part of June, 1958, the appellee approached Don Cummings, a used car salesman of Schoonover's, at the used car lot located across the street from the new car showroom. It was closing time and the appellee and the salesman looked at a 1958 red and white Mercury automobile, the subject of this action, through the showroom window.

The next morning the appellee went back to Schoonover's and looked the car over on the showroom floor and discussed buying the automobile. A few days later the appellee traded a 1955 Chevrolet for the Mercury. The closing papers indicated a cash sale price of $4,247 for the Mercury with an allowance of $2,310 to the appellee for the Chevrolet.

The evidence established that the Mercury was, in fact, a used automobile which had previously been sold in December, 1957, to Charles Hall who operated a used car lot. About April 5, 1958, he traded the Mercury in on another automobile.

The appellant admits that the Mercury automobile was a low mileage current model, but contends that it was sold in the ordinary course of business as such, and in accordance with the practice of the trade was financed as a "new" automobile.

The appellee claimed that the automobile was represented to him as new and the record discloses sufficient evidence to support a finding by the jury that the automobile was represented to be new. The appellee so testified and the used car salesman, Don Cummings, who sold the automobile to the appellee, testified he was told the automobile was new, and upon making the sale received

a commission of $50 which was the customary new car commission. He further testified:

"I recall a conversation between Mr. Ross Schoonover and Bernard Perry. I think it took place prior to my delivering the car but that is just a guess. Mr. Perry asked Mr. Schoonover about the warranty and he said it was a new car, he would personally guarantee it, that being a new car that Mr. Nowlin would take care of it, him being now the new Mercury dealer."

The appellee alleged in his petition that the Mercury automobile in question was not worth the sale price of $4,247, but was actually worth $3,280; that he financed part of the purchase price and paid $439.53 in interest and finance charges upon the unpaid principal balance of said sale price; that had the automobile been sold by the appellant for its actual worth, the interest and finance charges upon the unpaid principal balance would have been in the amount of $212.39; and that the appellee incurred expenses in the amount of $80.04 for repairs which would not have been necessary had the automobile been as represented by the appellant. In addition to actual damages of $1,273.68, the appellee sought punitive damages in the sum of $1,000 by reason of the false, fraudulent and malicious representations and statements of the appellant, and costs of the action.

The record does not disclose that any special questions were submitted to the jury which returned a verdict against the appellant in the sum of $1,000. The trial court thereupon entered judgment for this amount and costs.

The appellant first complains of the admission into evidence of a document entitled "Purchase Money Mortgage" dated the 7th day of June, 1958. This document describes the automobile in question and specifically indicates the automobile to be "new." The document was signed by the appellee and R. S. Schoonover as President of the appellant corporation.

The appellee admitted upon presenting this exhibit for acceptance in evidence that he did not finance the purchase of this automobile with the appellant, but arranged for independent financing with Mr. Wenger of Pacific Finance. Thereupon the appellant objected to its admission in evidence. The acceptance of this document in evidence is specified as error.

The document was presented by the appellee as additional evidence solely for the purpose of showing that the automobile was represented to be new. For this purpose the exhibit was properly admitted into evidence.

The fact that the document entitled "Purchase Money Mortgage" was not what it purported to be on its face, and was never a part of the transaction between the appellee and the appellant, was evidence to be developed upon cross examination. On cross examination the appellee testified the document was drawn up by a Mr. Wenger at Pacific Finance and Mr. Schoonover, to assist the appellee in financing the automobile at Pacific Finance.

The appellant contends the trial court erred in its instructions to the jury regarding the measure of damages to be applied to the facts in this case.

Complaint is made of the following instruction given to the jury:

". . . you are instructed that the measure of damages is the difference in the value between the car represented to the plaintiff by the defendant and the value of the car actually received by the plaintiff. . . ."

The foregoing is the law previously announced by this court in *Speed v. Hollingsworth*, 54 Kan. 436, 38 Pac. 496; *McDanel v. Whalen*, 91 Kan. 488, 138 Pac. 590; *Epp v. Hinton*, 91 Kan. 513, 138 Pac. 576; and *Hinchey v. Starrett*, 91 Kan. 181, 137 Pac. 81, rehearing 92 Kan. 661, 141 Pac. 173. In these opinions the court has affirmed the rule that the plaintiff is entitled to the benefit of his bargain.

The appellant complains that the trial court refused over objection to take into account the basic fact of the transaction—that this transaction constituted a trade of automobiles. It is said the instruction given disregards the basic fact that the appellee was receiving a $2,310 paper credit for what he by his own testimony knew, and what the appellant considered and knew, to be no more than a $1,200 automobile. On cross examination the appellee testified that he traded a 1955 Chevrolet Bel Air Hardtop for the Mercury and the Blue Book showed it to be worth $1,165. This was the automobile upon which he was given a credit of $2,310, thus making a difference between the Chevrolet and the Mercury of $1,870.

With these facts the appellant refers to the appellee's petition stating the Mercury to be worth $3,280 true value. Thus, it is argued the appellee traded $1,870 cash, plus an automobile which he valued at $1,200, making a total of $3,070 value for the Mercury, which had at the time of the transaction an agreed true value of $3,280.

The appellant argues the very nature of the puffed value of auto-

mobiles and a similar puffing of the allowance for an automobile being traded is of common knowledge; and that the law may not operate in a vacuum disregarding all real circumstances in the economic life of our society and continue to be good law.

The appellant takes no issue with the benefit of the bargain rule as applied to sales in the cases cited, but submits that the proper and correct application of the rule upon the facts and circumstances presented by this case requires a consideration of the trade in its entirety.

The appellant's requested instruction on this point, which the trial court refused to give, reads:

"If you find the fact of false representation and that it had induced the trade, and if you further find from the evidence that the reasonable market value of that which Perry parted with was greater than the reasonable market value of that which he received under the contract from Schoonover Motors, then you are instructed to return a verdict for the plaintiff and if you so find, then your verdict should be the difference, if any, between the reasonable market value on the day the trade was consummated of that which plaintiff parted with and the reasonable market value of that which he received under the contract from Schoonover Motors."

As authority for this rule the appellant cites *George v. Hesse*, 53 Tex. Civ. App. 344, 115 S. W. 314.

We think the instruction given by the trial court correctly stated the measure of damages to be applied in the instant case, and that the requested instruction was properly denied. The argument of the appellant that the court's instruction failed to take into account the fact that appellee received $2,310 as a trade-in credit on an automobile the *appellant* considered to be worth $1,200 has been answered in *Stroupe v. Hewitt*, 90 Kan. 200, 206, 133 Pac. 562. Here the contract was executed and no issue was presented by the pleadings as to the condition or value of the property traded in by the appellee. The appellant alleged no fraud on the part of the appellee. It received exactly what it agreed to receive. There is no contention that the appellant gave a credit of $2,310 to the appellee in trade for an automobile, which it figured to be worth $1,200 because of fraud or misrepresentation on the part of the appellee. No such fraud was pleaded and no such fraud was shown. Neither the appellant nor the appellee claimed the Chevrolet was not as represented. The appellant's position thus resolves into one where it contends the appellee should not be given the benefit of the bargain

he thought he was making, now that the appellant's fraud in the transaction has been discovered.

It may therefore be said, in a damage action by a purchaser for fraud inducing the purchase, the measure of damages is the difference between the real value of the property and the value which it would have had if the representations had been true. This measure of damages applies without regard to the price paid, and, in the case of an exchange, without regard to the value of the property given in exchange by the party defrauded, although the price paid may properly be submitted to the jury as a fact to aid them in the assessment of damages. (37 C. J. S., Fraud, § 143, pp. 475, 477, 478.)

The appellant contends that by selling to the appellee the automobile in question for $4,247, there was no representation that the appellee could sell or receive this sum for the automobile. This is obviously true because the automobile would no longer be a new automobile the instant the appellee purchased it. However, the price paid for an article is some evidence of its value for the purpose of assessing damages. (*Trapp v. Refining Co.*, 114 Kan. 618, 619, 220 Pac. 249.)

The instruction requested by the appellant which the trial court refused to give is based upon the minority rule of damages which is apparently followed in the Texas decision cited. In 37 C. J. S., Fraud, § 143, p. 475, at pp. 479 to 485, the various Texas decisions are discussed disclosing them to be in opposition to one another in this area of damages. We see no reason to apply Texas confusion to settled Kansas law.

The appellant contends the trial court erred in overruling the motion for a new trial.

The sole contention on this point is that during the trial the so-called "Purchase Money Mortgage," admitted into evidence over the objection of the appellant was a surprise. The appellant says the existence of this document was previously unknown to it. Since this document bears the signature of Ross Schoonover as President of Schoonover Motors, Inc., the appellant argues it was necessary to have Mr. Schoonover, who was unavailable at the time of trial, explain this now important but unexplained evidence which on its face purports to describe a "new" automobile.

Prior to the close of the appellant's evidence in the trial of the case, counsel for the appellant stated to the court that they needed

the testimony of Ross Schoonover, who was not present. However, the appellant did not make a request of the court for a continuance to obtain his testimony, but rested instead.

The only testimony offered at the motion for a new trial was the testimony of Ross Schoonover. He testified to facts which the appellant contends fully explain that in the automobile business an automobile, such as the Mercury here in question, is for finance purposes a "new" automobile.

While the appellant admits the refusal of the trial court to grant a motion for a new trial upon the ground of newly discovered evidence lies generally within the discretion of the trial court, it contends upon the facts herein the trial court should be reversed and the appellant granted a new trial.

We think the facts indicate a lack of diligence on the part of the appellant. In the case of *Thompson Co. v. Foster,* 101 Kan. 14, 165 Pac. 841, the plaintiff neglected to object to the introduction of certain evidence and failed to request a continuance to meet this evidence. In the opinion the court said:

". . . No request was made for a continuance to enable the plaintiff to meet this evidence, and having taken its chances with the jury as the matter stood, without objection, it is not in a position to demand a further opportunity for a trial of the facts." (p. 17.)

In June, 1958, Ross Schoonover was in active management of the appellant corporation. This action was commenced in the district court on February 2, 1960. Since the appellant's company records were stolen with the company's vault during the pendency of this case, there was every reason for the appellant to have Ross Schoonover present at the trial, or request a continuance so he could be present. Testimony presented on the motion for a new trial discloses that the appellant had no trouble presenting the Register of Deeds' copy of the exhibit in question, and there was nothing to prevent the appellant from obtaining this copy when its evidence was presented at the trial. Under these facts the trial court did not abuse the exercise of its power of discretion in refusing to grant the motion for a new trial.

The judgment of the trial court is affirmed.