(Decided 18th November, 1880.)

WILLIAM SHIDY *vs.* EDWIN C. CUTTER AND JAMES E. FITCH, Trustees, and others.

*Construction of sec. 29, of Art. 24, of the Code—Mortgage— Deed of Trust—Unsafe Criterion of the market value of Property.*

The provision of the Code (Art. 24, sec. 29,) requiring an affidavit, applies to deeds of mortgage, technically such, and not to a deed of trust made to secure the payment of a promissory note.

The value placed on property by its owner when exchanged for other property, is no safe or just criterion of its actual market value.   In such transactions it becomes the interest of each party to estimate his property above the market price, and such is the common practice.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The deed referred to in the opinion of the Court from Charles T. Davis to Edwin C. Cutter and James E. Fitch, trustees, recited as follows: "Whereas the said Charles T. Davis stands justly indebted unto Reverend Joseph W. Parker in the full and just sum of five thousand five hundred dollars, deferred payment of purchase money, for the hereinafter described property, for which amount he hath made and passed to the said Reverend Joseph W. Parker his certain promissory note, dated April 27th, A. D. 1876, and payable to the order of the said Reverend Joseph W. Parker, at the office of A. Davis & Son, in three years after date, for the sum of five thousand five hundred dollars, with interest at the rate of eight per cent. per annum until paid, payable semi-annually. And, whereas, the said Charles T. Davis is desirous of securing the full and punctual payment of said note and interest, as the same mature, he therefore executes these presents.

"Now, therefore, this indenture witnesseth: That the said party of the first part, for and in consideration of the premises aforesaid, * * * * hath granted, bargained, sold, aliened, enfeoffed, released and conveyed, and doth by these presents grant, bargain, sell, alien, enfeoff, release and convey, unto the said parties of the second part, their heirs and assigns, the survivor of them, his heirs and assigns, all that tract or parcel of land. * * * * Together with the buildings, improvements, rights, privileges. * * * * To have and to hold the said described real estate and premises, and appurtenances unto, and to the use of the said parties of the second part, their heirs and assigns, the survivor of them, his heirs and assigns. In and upon the trusts, nevertheless, hereinafter mentioned and declared, that is, in trust, to permit the said party of the first part, his heirs and assigns, to use and occupy the said described premises and the rents, issues and profits thereof, to take, have and apply to and for his and their sole use and benefit, until default be

made in the payment of said note or any interest due thereon, or any proper costs, charge, commission, half commission or expense in and about the same. And upon the full payment of all of said note and the interest thereon, and all other proper costs, charges, commissions, half commissions and expenses, at any time before the sale hereinafter provided for, to release and re-convey the said described premises unto the said party of the first part, his heirs and assigns, at his or their cost. And upon this further trust, that upon default being made in the payment of the said note or any interest due thereon, or any proper cost, charge, commission, half-commission or expense, in and about the same, then, and at any time thereafter to sell the said described real estate and premises at public auction, * * * * and the proceeds of said sale or sales, first to pay all proper costs, charges and expenses, and to retain as compensation a commission of two per cent. on the amount of the said sale or sales; secondly, to pay whatever may then remain unpaid of the said note, and the interest thereon, whether the same shall be due or not, and lastly, to pay the remainder, if any, to said Charles T. Davis, his executors, administrators or assigns.''

On the 9th of September, 1876, Davis sold and conveyed the land to William Shidy. Subsequently, on the 27th of February, 1879, Cutter and Fitch, trustees, sold the same property to Milton W. Shidy, and reported the sale to the Circuit Court. An order *nisi* was passed. Exceptions to the sale were filed by William Shidy. An answer to these exceptions was filed by the Reverend Joseph W. Parker, and the trustees. Testimony was taken under a commission. The Court (MAGRUDER, J.,) overruled the exceptions and ratified the sale. From the order of ratification this appeal is taken.

The cause was argued before BARTOL, C. J., MILLER, ROBINSON and IRVING, J.

*Frank H. Stockett*, for the appellant.

*C. C. Magruder, Jr.*, for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order ratifying a sale of certain real estate in Prince George's County made by trustees in a deed from Charles T. Davis to them, dated the 21st of June, 1876, and recorded on the 3rd of July, following. It appears that Davis, afterwards, on the 9th of September, 1876, sold and conveyed the same land to the appellant, who purchased without actual, but of course with constructive, notice of the prior deed to these trustees, and exceptions to the ratification of the sale were filed by him. The only questions raised by these exceptions that need be noticed are,—

*First.* That the deed under which the sale took place was a *mortgage* requiring an affidavit as prescribed by sec. 29, Art. 24 of the Code. Upon this subject a number of decisions have been made by this Court which it is not necessary here to review. The present deed is substantially, if not identically, the same as the one which, in the case of *Stanhope, et al. vs. Dodge, et al.*, 52 *Md.*, 483, was held not to be within this provision of the Code, and that decision is conclusive of this question.

*Second.* That the consideration of the conveyance was different from that recited therein, and that the deed was, in fact, executed as an indemnity or security collateral to another and different transaction between Davis and Parker. The deed recites that Davis is indebted to Parker in the sum of $5500, "deferred payment of purchase money for the hereinafter described property," and that for this sum he had passed to Parker his promissory note, dated the 27th of April, 1876, and payable in three years. The proof in the case fails to sustain this exception, even if it could avail the appellant were it true.

The testimony of Parker and Cutter, one of the trustees and who was cognizant of all the transactions between these parties, shows very clearly that the consideration of the deed was an actual and *bona fide* indebtedness as therein stated. Davis was not examined, and the testimony of the appellant is wholly insufficient to overcome that of the other witnesses.

*Third.* That the price at which the sale was made is grossly inadequate. The property sold for $6500, and the purchaser was Milton W. Shidy, a son of the appellant. No witnesses were examined as to the value of the land, and there is nothing whatever in the record to sustain this exception, save the facts that in the *exchange* of properties between Parker and Davis this farm was estimated or valued at $13,000, and that in the deed for the same from Davis to the appellant, executed a few months afterwards, the *consideration* is stated to be $22,000. As to this large sum, the fair inference is, that it was inserted in the deed merely for speculative purposes, for it is scarcely possible to believe that when this deed was executed the market value of this land had become nearly double that which was placed upon it by its owner in an exchange of properties less than three months before. Again, the value put on property by its owner when exchanged for other property, is no safe or just criterion of its actual market value. In such transactions it becomes the interest of each party to estimate his property above the market price, and such is the common practice. If the land were actually worth either of these sums, or anything approaching them, it would have been an easy matter to prove it by witnesses acquainted with the value of land in that locality, but nothing of the kind was attempted. The appellant himself was examined as a witness after he had filed this exception, yet he is silent on the subject, and does not pretend to say he ever paid the consideration mentioned in his deed. The exception was

not even relied on in the Court below. The learned Judge in his opinion found in the record, says the exceptions present several objections to the sale, some of which are not attempted to be sustained by proof or relied on at the hearing, and that the only two points pressed were those we have already considered and disposed of. It would be setting a very dangerous precedent to vacate a sale like this, fairly and publicly made after due advertisement, upon such proof, or rather absence of proof, as to the actual market value of the property sold.

The other exceptions appearing in the record are entirely unsupported by proof and have been abandoned. It follows the order appealed from must be affirmed and the cause remanded.

> *Order affirmed, and*
> *cause remanded.*

(Decided 3rd December, 1880.)