F. B. MANLEY, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 16,385.

1. PRACTICE, DISTRICT COURT—*Special Questions.* A claim of error in the refusal to submit certain special questions to the jury not sustained.

2. RAILROADS—*Injury by Fire—Sufficiency of the Evidence to Overthrow Prima Facie Case of Negligence.* In an action for injury by fire the rule applied that when facts are proved which the statute makes *prima facie* evidence of negligence the question whether such *prima facie* case is overthrown by the evidence of the railway company is one of fact.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed March 12, 1910. Affirmed.

*John Madden,* and *W. W. Brown,* for the appellant.
*Noah L. Bowman,* for the appellee.

*Per Curiam:* The appellee recovered damages caused by fire in the operation of the appellant's railroad. A reversal of the judgment is asked on three grounds, viz.: (1) The refusal to submit certain questions to the jury; (2) excessive damages awarded through passion and prejudice; and (3) that judgment ought not to have been rendered upon the verdict after evidence had been given tending to overthrow the *prima facie* case made out by proof that the fire was caused by operating the railroad, and of the amount of damages. (Laws 1885, ch. 155, § 1; Gen. Stat. 1901, § 5923.)

The questions refused were:

"If you answer question No. 10 [relative to the operation of the engine and train] in the negative, then state wherein said engine and train were operated carelessly and negligently."

"If you answer question number 14 [relative to appliance] in the negative, then state wherein it was out of repair and defective."

There was no error in refusing to submit these questions, for reasons repeatedly stated by this court. (*Foster v. Turner,* 31 Kan. 58; *Mo. Pac. Rly. Co. v. Reynolds,* 31 Kan. 132; *L. & W. Rly. Co. v. Hawk,* 39 Kan. 638; *S. K. Rly. Co. v. Walsh,* 45 Kan. 653; *Brick Co. v. Shanks,* 69 Kan. 306.)

The damages allowed were within the evidence, and no passion or prejudice is shown.

The principal reliance of the appellant is upon the third ground, and an elaborate argument has been made asking this court to reconsider the rule declared in *Railway Co. v. Geiser,* 68 Kan. 281, and to apply a different rule in this case. We have carefully considered the argument, and adhere to the decision that when the facts are proved which are by the statute made *prima facie* evidence of negligence the question whether such *prima facie* case is overthrown by evi-

dence of the railway company is one of fact for the jury, as stated in paragraph 1 of the syllabus in that case.

It should be observed, however, that although the appellant offered testimony that the front end of the engine and the spark arrester had been duly inspected and were in good order, it offered no evidence that the ash pan, grates and fire box had been recently inspected, or that they were in good condition, and its witness testified that fire "might drop from the ash pan." Besides, there was some evidence that the baffle plate, a part of the spark-arresting apparatus, was not set at the approved standard angle.

The judgment is affirmed.