No. 18,613.

C. C. EPP, *Appellee*, v. CHARLES R. HINTON et al., *Appellants*.

SYLLABUS BY THE COURT.

1. EXCHANGE OF LANDS — *Fraudulent Representations—Rescission of Contract—Damages.* Where an action is brought to rescind a contract on the ground of fraud, or to recover damages if a rescission can not be had, and the court finds that a rescission is impracticable, and awards damages, rulings with respect to the omission of the plaintiff to restore the benefits he has received under the contract are immaterial upon review.

2. SAME—*False Representations as to Foreign Statute—Basis for Damages.* False representations with respect to the law of another state may be the basis of an action for damages on the ground of fraud.

3. SAME—*False Representations as to Water Rights—Damages.* False representations that the ownership of a tract of land carries with it as a practical matter the privilege of using water for its irrigation, although no claim is made that a formal water right has been granted, may be the basis for the recovery of damages by the purchaser.

4. SAME—*Improper Measure of Damages.* In an action to recover damages because of false representations regarding a tract of land included in an exchange of property, boot having been paid by the plaintiff, the price at which the tract was estimated in arranging the terms of the bargain is not satisfactory evidence of what it would have been worth if the statements regarding it had been true.

Appeal from Harvey district court; CHARLES E. BRANINE, judge. Opinion filed February 7, 1914. Affirmed, subject to a new trial upon one issue.

*Albert Hoskinson,* and *R. W. Hoskinson,* both of Garden City, and *Granby Hillyer,* of Kansas City, Mo., for the appellants.

*Clarence Spooner, Ezra Branine,* and *H. W. Hart,* all of Newton, for the appellee.

33—91 KAN.

The opinion of the court was delivered by

MASON, J.: C. C. Epp brought an action against Charles R. Hinton and others, alleging that they had defrauded him by misrepresentations made as an inducement to the purchase of real estate. The plaintiff recovered a judgment for $14,500 and interest, as damages, and the defendants appeal.

The transaction out of which the controversy grows was an exchange of lands, the plaintiff paying boot of $20,000 in secured notes, which passed into other hands. The lands conveyed to the plaintiff were situated in Colorado. The substance of his contention is that representations were made that all of the lands were irrigable, and that as to a part of them this was untrue. A jury was impaneled, but, by consent of the parties, acted only in an advisory capacity, returning answers to specific questions. These the court approved, making also additional findings, covering all the issues.

In his petition the plaintiff asked that the contract for the purchase of the land be rescinded, and if this could not be done, that he have judgment for damages. The defendants maintain that the petition was fatally defective because it did not allege an offer to return the property conveyed to the plaintiff. The court found that a rescission of the contract was impracticable. The action then became one for the recovery of damages, thereby eliminating any question of the duty of the plaintiff to restore the benefits he had received.

The defendants assert that the representations relied upon as amounting to fraud were not of such a character as to afford a basis for the action. Upon sufficient evidence, the court found these facts, among others: The plaintiff received valid water rights with reference to a part of the land conveyed to him; he knew he was not to receive a similar formal evidence of a right to use water upon the remainder, but was.

led to believe that water was available for irrigating it, and that his ownership of the land entitled him to use the water. It is argued that under these conditions the question whether the owner of the land was entitled to water for its irrigation was not one of fact, but of opinion or law, and that a wrong statement with respect thereto could not amount to such a false representation as to constitute fraud. The question whether land is irrigable, in the sense that the owner has a legal right to water to be used upon it, necessarily depends upon the local law on the subject. It is said that a false representation as to a matter of law will not support an action for deceit, because it is essentially an expression of opinion. (14 A. & E. Encycl. of L. 55; 20 Cyc. 54.) But the question—What is the law of another state?—is regarded as one of fact (*Osincup v. Henthorn*, 89 Kan. 58, 130 Pac. 652, annotated in 46 L. R. A., n. s., 174), and a misstatement concerning it may be actionable (20 Cyc. 54). We think the representations here relied upon could form the basis of the action apart from this consideration. The matter did not turn upon some general proposition—a naked legal question. There was evidence that the plaintiff was told that conditions existed that made it safe for him to depend upon using the water unchallenged, from the circumstance that it had previously been used upon this land. As a practical matter this was a question of fact. The modern tendency—a wholesome one—is to restrict rather than extend the immunity of one who gains an advantage over another by purposely misleading him. (20 Cyc. 62.)

The defendants argue that the plaintiff relied upon the results of his own investigation rather than on the representations made to him. This is essentially a question of fact on which the determination of the trial court is final. The contention is also made that there is no evidence that any false representations were made

until after the plaintiff had signed a written contract binding him to take the land on the agreed terms. We find, however, that there was competent evidence that substantially the same misrepresentations were made as an inducement to the execution of this agreement. It was, therefore, proper to show that further deceit was resorted to in order to induce the plaintiff to carry out the contract.

A further contention is that, even if the statements complained of were false, there is no evidence that the defendants knew them to be so. Whether or not there can be said to have been any direct testimony on the subject, the entire transaction was before the court, and we think there was room for a reasonable inference that the deceit was intentional.

The court adopted as the measure of damages the difference between what the property conveyed to the plaintiff was actually worth and what it would have been worth if it had been as represented. This is in accordance with the weight of authority (14 A. & E. Encycl. of L. 182; 20 Cyc. 132; Note, 123 Am. St. Rep. 776), and with prior decisions of this court (*Speed v. Hollingsworth*, 54 Kan. 436, 38 Pac. 496; *Stroupe v. Hewitt*, 90 Kan. 200, 133 Pac. 562), although in some jurisdictions the recovery is limited to the difference between the actual value of the property and the price paid for it by the plaintiff. The latter rule merely protects the person deceived from suffering actual loss; the former, which is the settled rule in this jurisdiction, gives him the benefit of his bargain, and in effect forces the wrongdoer to make good his representations.

The final complaint, and the only one which we find to be well founded, is that there was no competent evidence to show what the dry land would have been worth if it had in fact been irrigable. There was no evidence on the subject unless it is to be found in testimony that in arranging the terms of the exchange it was put in at $125 an acre. In behalf of the plaintiff it is con-

tended that this should be taken as the presumptive value, and as the defendants made no showing to the contrary, the court was justified in basing its finding upon it. The price at which property is sold, or the value of property exchanged for it, is said to be evidence of value in an action for procuring its sale by false representations. (20 Cyc. 146; *Fisk v. Hicks,* 31 N. H. 535; *Lovejoy v. Isbell,* 73 Conn. 368, 47 Atl. 682.) Here testimony was given as to the rental value of the property parted with by the plaintiff, but not of its market value. When an exchange of property is being arranged the prices at which each item is figured will naturally be liberal, and perhaps it may be assumed that they will ordinarily be somewhat above the market value. As was said in *Shidy v. Cutter and Fitch, Trustees, et al.,* 54 Md. 674: "The value put on property by its owner when exchanged for other property, is no safe or just criterion of its actual market value. In such transactions it becomes the interest of each party to estimate his property above the market price, and such is the common practice." (p. 678.) We conclude that the probability of a just result will be promoted by a further hearing upon this single issue. The cause will be remanded in order that the parties may offer evidence as to what the dry land would have been worth, if its ownership had carried a right to the use of water for its irrigation, the burden of proof being upon the plaintiff. If the decision is that it was worth $125 an acre, the original judgment will stand. If a different amount is found, the judgment will be modified accordingly. Neither party will be entitled to a jury as a matter of right, the original waiver being effective. Otherwise the findings and judgment are affirmed.