No. 19,509.

JOHN J. ANDERSON, *Appellee,* V. C. E. HEASLEY, *Appellant.*

SYLLABUS BY THE COURT.

1. FALSE REPRESENTATIONS—*Relating to Leases of Colorado Lands — Basis of Action for Damages for Fraud.* False representations with respect to the provisions and effect of a lease of state lands, represented to have been issued under the law of the state of Colorado, may be the basis of an action for damages on the ground of fraud.

2. SAME—*Demurrer to Evidence—Properly Overruled.* In an action for damages for false representations, a demurrer to the evidence should be overruled when there is sufficient evidence to sustain the plaintiff's case.

3. SAME—*Instruction—Duty of Plaintiff on Discovery of the Fraud.* When false representations are made to induce another to purchase a lease of real property, and at the time of the discovery of the fraud the lease has expired and nothing was held under it, it is not error for the court to refuse to instruct the jury that the plaintiff was bound to disaffirm the purchase and claim no right under the lease.

4. SAME—*No Error in Instructions.* The instructions given have been examined, and no substantial error is found in any. of them.

5. SAME—*Special Question—No Error in Refusing to Submit.* It was not error to refuse to submit to the jury this question: "If you find that any misrepresentations were made concerning the land or lease, state what such misrepresentations were, and when and where made," and in place thereof to submit the following question: "If you find that any misrepresentations were made to plaintiff by defendant, state in regard to what matters such misrepresentations were made."

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed May 8, 1915. Affirmed.

*Z. C. Millikin,* of Salina, for the appellant.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover $1760, with interest, the price paid by the plaintiff for the purchase of a lease of real property in Colorado. The plaintiff recovered judgment. The defendant appeals.

The plaintiff is a young Swede farmer, who lived near Assaria, Kan. The defendant is a business man of some experience. He induced the plaintiff to go to Colorado to invest in land. They went together to Center, Colo., near the land in question, from which town they, with other persons, were taken to the vicinity of the land. At Center, the defendant sold to the plaintiff a lease of a quarter section of state land, running for a period of two years, for which the plaintiff paid $1760. In his petition the plaintiff, in substance, alleges that the defendant falsely, fraudulently, knowingly and designedly made the following misrepresentations to induce the sale: That Will Heasley owned the lease for the northwest quarter; that the lease covered two other quarter

sections of land; that the lease cost Will Heasley $4500; that the terms of the lease provided that it would expire in November, 1912; that his rights under the lease to the northwest quarter were more valuable than his rights to either of the remaining quarters; that his interest in the land was worth more than $1760; that the land under the terms of the lease was so valuable to him that it would pay more than thirty per cent interest upon the value of $1760; that the lease provided that he could assign the same to the plaintiff and at its expiration it could be renewed for a period of five years at a cost not to exceed $8 per annum for the term; that the lease provided that the owner and holder thereof could cultivate and farm the land under this lease and renewal; that the land was under irrigation; that the land was improved with a fence entirely around the same, belonging to the land, and had a well dug thereon; that the lease provided that at its expiration, if the holder did not care to renew the same, he should be paid three times the value of the improvements made thereon; that the improvements on the land were of the value of $600; that the land was then and there good, fertile farming land, adapted to the production of wheat, oats and potatoes, and that land of that character was then producing crops of the value of $100 per acre per annum; that arrangements had been made for the construction of a railroad to the vicinity of the land; and that if the plaintiff purchased the lease, so far as it related to the northwest quarter, the defendant would procure an assignment from his brother to that extent.

The evidence shows that many of these representations were made by the defendant; that they were false; that the defendant knew they were false; that the plaintiff did not know that they were false; that he relied on and believed the representations of the defendant; and that he acted on the faith of those representations. The verdict was for $2112, which included the interest

on $1760.   The jury made the following special findings:

"1.  Did Will Heasley buy the lease covering the three quarters of land in May, 1910?   A. Yes.

"2.  If you answer yes, how much did he agree to pay therefor?   A.  We don't know.

"3.  When plaintiff purchased the lease, so far as it related to the northwest quarter, was he informed that Will Heasley owned said lease?   A.   Yes.

"4.   At the time of plaintiff's purchase, did defendant have any interest in the lease?   A.   No.

"5.   Did defendant receive for his own use and benefit any part of the money paid by plaintiff except the portion of an agent's commission?   A.   We don't know.

"6.   When plaintiff talked with defendant on November 20, 1912, about going to Denver to apply for a renewal of the lease, did he then know or have good reason to believe that any misrepresentation had been made to him in the purchase of said lease?   A.   No.

"7.   When did plaintiff first discover, if he discovered at all, that any fraud had been committed in his purchase of said lease?   A.   When he received the lease after its expiration.

"8.   If you find that any misrepresentations were made to plaintiff by defendant, state in regard to what matters such misrepresentations were made?   A.   The value of the land, the value of the use of the land, the tenant's rights under the lease.

"9.   Did plaintiff refuse to retain the lease sent him for the reason that he believed that it had not been delivered in sufficient time?   A.   Yes, for that and other reasons."

(1) The defendant contends that there was error in admitting evidence to prove the representations concerning the rights the plaintiff would obtain under the lease.   In support of this contention, the defendant says that the lease, issued under the law of the state of Colorado, was a public document, the contents of which the plaintiff was bound to know.   Presenting substantially the same question, the defendant contends that instructions five and six were proper and should

have been given as requested, and that it was error not to do so. These instructions concern the obligation of the plaintiff to know the law of the state of Colorado, under which this lease was purported to have been given, and his obligation to know the terms of the lease, without regard to any representation made concerning them. We can not tell from this record what the law of the state of Colorado is. There is no evidence concerning the law of that state, nor that this lease was made under that law. In *Railroad Co. v. Johnson,* 61 Kan. 417, 59 Pac. 1063, this court said:

"The statutes and decisions of a sister state are unknown to our courts in cases in which they may be drawn in question, and they must be proved as facts; and unless a statute or decision of another state has been introduced in evidence to the court below, this court will not notice it upon a review of the case." (Syl. ¶ 2.)

The rule is, that false representations with respect to the law of another state may be the basis of an action for damages on the ground of fraud. (*Epp v. Hinton,* 91 Kan. 513, 138 Pac. 576.) In the case just cited, the false representations concerned the water rights that would be received on a conveyance of certain land, these rights necessarily depending upon the law of the state of Colorado. It was there contended that a false representation as to a matter of law will not support an action for deceit, but this court there held that such an action can be maintained on that kind of a false representation. In the present case, part of the false representations concerned the rights the plaintiff would receive upon an assignment of the lease, those rights necessarily being governed by the law of the state of Colorado on that subject. The evidence in this case convinces one who reads it, that the defendant purposely misled the plaintff in regard to the rights of the holder of the lease. In *Epp v. Hinton,* supra, this court said:

"The modern tendency—a wholesome one—is to restrict rather than extend the immunity of one who

gains an advantage over another by purposely misleading him.    (20 Cyc. 62.)"    (p. 515.)

This contention of the defendant is not good.

(2) The defendant's next contention is, that the court erred in overruling his demurrer to the plaintiff's evidence. We can not agree with the defendant in this contention. There was ample evidence to support the plaintiff's case. It would have been error for the court to have refused to submit the case to the jury.

(3) It is contended that the court failed to instruct the jury concerning the obligation of the plaintiff to disaffirm his purchase, and claim no right under the lease, after the discovery of the fraud. Covering this question, the defendant requested that the court instruct the jury as follows:

"13. Under the law he (the plaintiff) was bound to disaffirm his purchase and claim no right in the lease thereunder after the discovery of fraud, if any, was committed, and failing so to do, he can not thereafter rescind his purchase and claim a return of the consideration paid."

The plaintiff did not discover the fraud until after the expiration of the lease. He did not receive the assignment of the lease until in July, 1912, five months before all rights under it expired. The purchase of the lease by the plaintiff from the defendant was made August 20, 1910. When the discovery of the fraud was made, neither the plaintiff nor the defendant could be put in any better or worse condition by anything that either could do, so far as the rights of either, under this lease, were concerned. After the discovery of the fraud, the plaintiff did not claim, nor exercise, any rights under the lease, and commenced this action April 14, 1913. Under the circumstances of this case, we think this instruction was properly refused.

(4) It is next argued that the court erred in the instructions to the jury. One complaint in this regard concerns the failure of the court to single out any one

37—95 KAN.

or more of the false representations that were immaterial, and to separate these from such false representations as were material. So many of the representations made were false, and almost if not all of them were material, that it would be a harsh rule to reverse this judgment because of the failure of the court to distinguish between material and immaterial false representations, especially so when the defendant did not request an instruction making such separation. The defendant did request an instruction that the plaintiff was conclusively presumed to know the law relating to the rights of a lessee, or assignee of such lessee, under the law of the state of Colorado. We have answered the defendant's contention concerning the obligation of the plaintiff to know the law of that state, and will not here repeat it.

The next complaint concerning the instructions is, that the court stated the issues incorrectly. The defendant contends that the misrepresentations charged were that the lease provided certain things, while the court said that the misrepresentations were that the lease could be assigned, renewed, etc. This distinction is too fine to be made the basis of reversing what appears to be a proper judgment.

The court instructed the jury as follows:

"If under these circumstances you find that the plaintiff was defrauded and that he ought to recover in this action, the measure of his recovery is the amount of money he parted with, together with interest at the rate of 6 per cent per annum from August 20, 1910."

Of this instruction the defendant complains, and argues that where the property sold is not as represented, the purchaser is entitled to a recovery of the difference between the real value of the property and the value it would have had, had it been as represented, and cites *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562, and *Hinchey v. Starrett,* 92 Kan. 661, 141 Pac. 173, in support of his contention. The rule contended for by

defendant applies when the purchaser retains that which was received by him. When he has received nothing, the rule does not apply. If he has received anything and returns it upon a rescission of the contract, the rule does not apply. In this case the plaintiff received nothing of value. He did not discover the fraud until after the expiration of the lease. There was nothing that could be returned. Under *Murray v. Davies,* 77 Kan. 767, 94 Pac. 283, the plaintiff here was entitled to recover the amount that he had paid. The instruction complained of was not erroneous.

The defendant argues that the court should have instructed the jury that, in order to make the defendant liable, he must have known that the representations made by him were false. The petition alleges that the defendant knew the representations were false. The evidence tends to show that he knew they were false. The court failed to instruct on this question, but the defendant did not ask for any instruction concerning the same, and therefore can not complain of the failure of the court to give such an instruction.

(5) The next contention of the defendant is, that the court erred in refusing to submit to the jury the following question: "If you find that any misrepresentations were made concerning the land or lease, state what such misrepresentations were, and when and where made," and in submitting in the place thereof the following question: "If you find that any misrepresentations were made to plaintiff by defendant, state in regard to what matters such misrepresentations were made." The question as requested by the defendant contains three separate propositions. It is a compound question, and was properly refused. We do not see any reason for reversing the judgment in this case on account of the refusal to submit the question asked for, or in submitting the one substituted.

We have examined every complaint made by the defendant, and do not find any error justifying a reversal of the judgment. It appears, upon the whole record, that substantial justice has been done.

The judgment is affirmed.