No. 20,014.

M. F. LADD, *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. RAILROADS—*Personal Injuries—Release of Claim for Damages.* A release of a claim against a railway company for damages for personal injury, for a nominal consideration, procured by false representations as to the conditions and effect of the release, signed under the mistaken belief that the injuries were neither serious nor permanent, that belief having been brought about by the statements of the railway company's doctor, is not binding on the person signing the release, where the injuries finally prove to be serious and permanent.

2. SAME—*Evidence—Statement of Railroad Physician.* In an action for personal injury, it is not reversible error to receive in evidence the statement of the defendant's doctor, to whom the plaintiff had been directed at the time of the injury by the defendant's agents in the performance of their duty, without first showing that in examining the plaintiff the doctor was acting for the defendant.

3. SAME—*Personal Injuries—Reduction of Earning Capacity.* A person whose capacity to labor has been permanently diminished by physical injury wrongfully inflicted on him by another can recover damages therefor without proof as to his earning capacity before or after the injury.

4. TRIAL—*Special Questions Refused.* It was not reversible error to refuse to submit to the jury certain special questions.

5. SAME—*Answers to Special Questions.* Contentions that answers to certain questions had no evidence to support them, that answers to others should have been made definite, and that the answers to questions were evasive, have been examined. The matters complained of are not sufficient to warrant a reversal of the judgment.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed March 11, 1916. Affirmed.

*Paul E. Walker, Luther Burns,* both of Topeka, *R. R. Vermilion, Earl W. Evans,* and *Joseph G. Carey,* all of Wichita, for the appellant.

*J. D. Houston,* and *C. H. Brooks,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment against the Chicago, Rock Island & Pacific Railway Company for injuries sustained while she was a passenger on its railway. The defendant appeals. The plaintiff alleges that she was injured by the defendant's negligence. The defendant answers that the plaintiff, for a valuable consideration, settled and released her claim for her injuries. The plaintiff replies that this settlement was procured by fraud.

The evidence tended to establish the following facts: August 27, 1912, the plaintiff was injured in the yards at Kansas City while a passenger from Chicago to Wichita, on one of the defendant's trains. The injuries were caused by the jerking or bumping of the car in which she was riding. She signed a train conductor's report of the accident. The employee who procured this report told her to go and see Dr. Oldham, the company's physician at Wichita. Some days after reaching Wichita, the plaintiff, with her daughter, who was a passenger with her mother at the time of the accident, went

Ladd v. Railway Co.

to Dr. Oldham's office. The plaintiff then claimed to be suffering. He examined her and told her that he did not find any bruise or permanent injury or broken skin, but that her neck was swollen, and directed her to go home and bathe her neck with hot water to take the swelling out. The doctor gave this direction as a "placebo." The plaintiff believed Dr. Oldham's statement. He did not make any charge for his services. He was, and had been for years, the local physician for the Rock Island at Wichita. Some days after this examination was made, the claim agent of the defendant went to the home of the plaintiff, and on paying her $5 procured her signature to a release. The claim agent stated to the plaintiff, at the time this release was obtained, that the release was for the injury sustained up to the time of signing it, but that the case could be reopened if further injury developed. The plaintiff relied on these statements, believed her injuries were not permanent, and did not want any money from the defendant unless they were so. Her injuries proved to be serious and permanent. January 24, 1914, the plaintiff signed a statement to the claim agent, in which she said:

"Regarding my accident at Kansas City on August 27, 1912, while a passenger on a Rock Island train—I remember of reading the release over and then signing it and then receiving a Rock Island check for $5. I do not say that I did not sign the release, but did not think I was injured to amount to anything or think that the injury would result in what it has. I have been laid up for over 12 weeks which is the result of the injury. My spine was injured in such a way that it has weakened me until I could not walk or get around. I have had a doctor who comes and gives me treatments every other day. I repeat again that I signed the release and thoroughly understood it, and only signed it thinking that I was not seriously injured—in fact, I did not know how bad I was injured, as I was told by Dr. Oldham that I was not hurt to amount to anything."

January 23 she wrote the agent. This letter contained the following language:

"As I have already acknowledged, I signed the paper with the assurance that the hurt was n't anything serious; which has proved itself not so."

The jury returned answers to special questions as follows:

"Q. 1. Did you find that Dr. Hoffman examined and treated plaintiff in October or November, 1912, for pain in the region of the back and neck and nervousness? Ans. We find he examined her.

35—97 KAN.

"Q. 3. Do you find that plaintiff on or about January 23, 1914, wrote the Rock Island claim agent, George Kimmerle, a letter in which, among other things, she said: 'As I have already acknowledged, I signed the paper with the assurance that the hurt was n't anything serious?' Ans. Yes, at that time.

"Q. 4. Do you find that plaintiff on or about January 21, 1914, signed and gave to the Rock Island claim agent, George Kimmerle, a statement containing among other things the following: 'I remember of reading the release over and then signing it and then receiving a Rock Island check for $5,' and 'I repeat again that I signed the release and thoroughly understood it?' Ans. Yes, through misrepresentation.

"Q. 5. If you find from the evidence that plaintiff was defrauded into giving the release in question, state in what such fraud consisted. Ans. Misrepresentation.

"Q. 6. Do you find that the Rock Island check or draft to plaintiff's order for $5 which plaintiff received from claim agent Kimmerle at the time of the settlement in question was retained by plaintiff from September 12, 1912, until she endorsed and had it cashed on or about December 28, 1912? Ans. Yes.

"Q. 9. On the occasion of the conversation with Dr. Oldham when Mrs. Ladd claims to have been misled by him, did Dr. Oldham know of any contemplated settlement with the Rock Island, or negotiations therefor? Ans. We believe he did.

"Q. 10. Do you find that at any time after the accident and before she got home to Wichita plaintiff complained of any trouble with her head, neck, spine, and nervousness? Ans. We do."

1. The defendant relies on the release. The plaintiff says that the release was procured by fraud; that it was signed by her under a mistake of fact; and that it was never intended to be a release for the damages on account of the injuries sustained by her. The findings of the jury support her contention as to fraud. The evidence sustains her position as to the mistake on her part, and that the release was not intended to be a satisfaction of the damages for permanent injuries sustained by her. She, Dr. Oldham and the agent believed that the injuries were not serious or permanent. The evidence tends to show that the $5 was a gratuity on account of the annoyance and inconvenience that she had suffered. Under these circumstances the release is not binding. This case is within the rule announced in *Railway Co. v. Goodholm,* 61 Kan. 758, 60 Pac. 1066. Authorities are ample to sustain an avoidance of this release on account of the mistake of fact made by the plaintiff. (*Bertha v. Regal Motor Car Co.,* 180 Mich. 51, 146 N. W. 389; *Great Northern Ry. Co. v. Fowler,*

136 Fed. 118; *Johnson v. Chicago, M. & St. P. Ry. Co.*, 224 Fed. 196; *St. Louis, I. M. & S. Ry. Co. v. Hambright*, 87 Ark. 614, 113 S. W. 803; *St. Louis & S. F. Ry. Co. v. Richards*, 23 Okla. 256, 102 Pac. 92; 34 Cyc. 1055, 1058; *Nelson v. Chicago & N. W. Ry. Co.*, 111 Minn. 193, 126 N. W. 902, and note appended to this case in 20 Ann. Cas. 748, 750-753, on "Avoidance of release of claim for personal injuries on account of misstatements by physician as to nature of injuries"; Note, 11 L. R. A., n. s., 201; Note, 48 L. R. A., n. s., 449.)

2. The defendant complains of the evidence of the plaintiff concerning what Dr. Oldham said at the time he examined her, for the reason that he was not shown to have been acting for the company in making that examination. Circumstances are against the defendant in this contention. The plaintiff told Dr. Oldham that she had been sent there by the defendant's agent. He examined her injuries, but made no charge for his service. For a number of years he had been the company's doctor at Wichita, and the plaintiff had been directed to go to him by the company's agents while in the performance of their duty. There was no error in admitting this evidence.

3. The defendant complains of the instruction to the jury that, if they found for the plaintiff, in determining the amount of recovery they might consider how far the injuries were reasonably calculated to and would with reasonable certainty impair the plaintiff's capacity to earn a livelihood in the future. The defendant contends that there was no evidence to justify such an instruction. While such evidence was admissible, yet the judgment will not be reversed because it was not introduced. If the plaintiff never earned any money, never performed any service of any value for any other person, still it would be proper for the court to submit this question to the jury.

"A person whose capacity to labor has been permanently diminished by physical injury wrongfully inflicted upon him by another can recover damages therefor, notwithstanding there may have been no proof as to what such person's earnings were before or after the injury." (*City Council of Augusta v. Owens*, 111 Ga. 464, syl. ¶ 8, 36 S. E. 830.)

(See, also, *Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837; *O'Connor v. Railway Co.*, 144 Iowa, 289, 122 N. W. 947; *Dallas Consol. El. St. Ry. Co. v. Motwiller*, 51 Tex. Civ. App. 432, 112 S. W. 794; *City of Louisville v. Tompkins*, (Ky.

1909) 122 S. W. 174; *Storrs v. Los Angeles Traction Co.*, 134 Cal. 91, 66 Pac. 72; *Melone v. Sierra Railway Co.*, 151 Cal. 113, 91 Pac. 522; *Washington v. Pacific, etc., Ry. Co.*, 14 Cal. App. 685, 112 Pac. 904; *Fisher et al. v. Jansen*, 128 Ill. 549, 21 N. E. 598.)

4. The defendant complains of the court's refusal to submit the following special questions:

. "Question 2. If you find that plaintiff. discovered or noticed any injuries or ailments after giving the release that she did not discover or notice before, state as nearly as you can what date plaintiff first noticed or discovered such subsequent injuries or ailments.

"Question 5. If you find from the evidence that plaintiff was defrauded into giving the release in question, state in what such fraud consisted and through whom it was committed.

"Question 7. If you find from the evidence that plaintiff was induced by any alleged representation of Dr. Oldham to sign the release mentioned in evidence, do you find that plaintiff would have refused to sign said release but for such representations on the part of Dr. Oldham?

"Question 8. If you find from the evidence that plaintiff was induced by any alleged representation of Dr. Oldham to sign the release mentioned in evidence, do you find that Dr. Oldham believed such statements to be true when he made them to plaintiff?

In *Railroad Co. v. Aderhold*, 58 Kan. 293, 49 Pac. 83, this court said:

"Each special interrogatory submitted to the jury should be so framed as to present distinctly a single material fact involved in the issues of the case." (Syl. ¶ 3.)

The second question was compound and complex, and was immaterial. The fifth comes within the objections named in *Anderson v. Heasley*, 95 Kan. 572,.148 Pac. 738. It likewise was a compound question. The seventh was entirely speculative. In *Manley v. Railway Co.*, 82 Kan. 211, 212, 107 Pac. 540, it was held that there was no error in refusing to submit questions substantially like the eighth. While these questions might have been submitted, it was not reversible error to refuse to do so.

5. The defendant contends that the answers to questions four and nine have no evidence whatever to support them; that the jury should have been required to make definite its answer to question five; and that the answers to special questions were evasive and equivocal. The answer to question four is in effect "yes," although there is the qualification that

the release was signed through misrepresentation. This is supported by evidence. The answer to the ninth question is not a direct answer either way, although there was evidence from which the jury could have given an affirmative answer. The answer to question five is definite and is sufficient. The answers to all the questions, although cautious, are sufficiently direct to enable any one to understand them.

There may be, and probably is, some justification for the argument of the defendant on these questions, but on the whole we think substantial justice has been done, and that the judgment should not be reversed because of the slight departure from strict rules in the answers.

We do not find any substantial error in the trial of this cause, and the judgment is affirmed.

PORTER, J. (concurring specially) : I concur in holding that the release was given for a mere nominal consideration, that it was signed by plaintiff at the urgent solicitation of the claim agent, when, as she stated to him, she wanted no damages unless she had been injured, and at that time she did not believe she had sustained any permanent injury. I agree that the release is void; but I find nothing in the evidence tending to suggest bad faith in the conduct of the physician employed by the railroad company. He evidently thought from his examination of the plaintiff that she had not received any substantial injuries, and she thought the same thing.