Nos. 19,980 and 20,510.

C. C. EPP, *Appellee*, v. CHARLES R. HINTON et al., *Appellants*.

SYLLABUS BY THE COURT.

EXCHANGE OF LANDS — *False Representations* — *Evidence Properly Received*. The proceedings examined and held that certain evidence admitted over objection was properly received under an order of this court remanding the cause for the trial of a single specific issue.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed June 10, 1916. Affirmed.

*F. Dumont Smith,* of Hutchinson, *Albert Hoskinson,* and *R. W. Hoskinson,* both of Garden City, for the appellants.

*Clarence Spooner, Ezra Branine, Harry W. Hart,* all of Newton, and *Carr W. Taylor,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The purpose of these appeals is to procure a review of a judgment of the district court rendered as the result of proceedings directed to be taken by this court on a former

appeal. (*Epp v. Hinton,* 91 Kan. 513, 919, 138 Pac. 576, 139 Pac. 376.)

The original opinion concluded as follows.:

"The cause will be remanded in order that the parties may offer evidence as to what the dry land would have been worth, if its ownership had carried a right to the use of water for its irrigation, the burden of proof being upon the plaintiff. If the decision is that it was worth $125 an acre, the original judgment will stand. If a different amount is found, the judgment will be modified accordingly." (p. 517.)

In a petition for a rehearing the defendants said they had offered no evidence as to the value of the dry land because they felt the plaintiff had not shown the value of the land if it had been irrigable. In view of this fact the following order was made:

"The petition for a rehearing is denied, but it is directed that the district court, upon such evidence as the parties shall offer, shall find the actual value of the land, and what its value would have been had it been irrigable, and render judgment for the difference." (p. 919.)

At the second trial the plaintiff offered evidence as to the value of the land assuming it to be without water for irrigation. Seizing upon the words in the last order of this court "actual value of the land" the defendants offered evidence that the land was in fact watered by seepage to which a water right might be obtained. The plaintiff rebutted this evidence and the court found for the plaintiff.

The defendants say the plaintiff's evidence was not responsive to the issue, the actual value of the land. One of the issues at the first trial was whether or not the land was dry—without water for irrigation. That issue was determined in favor of the plaintiff, and it was not the purpose of this court to open it for further investigation. The only defect in the plaintiff's former proof was as to the value of the land if ownership carried the right to use water for irrigation, and the first order limited the evidence to be taken at the second trial to this subject. The defendants, however, had offered no evidence as to the value of the land as dry land, and the first order was modified to permit the introduction of evidence on that subject. Witnesses might disagree as to the actual value of this dry land. The adjudication, however, that the land was dry was not disturbed, as the language of the second order clearly

indicated by drawing the distinction between actual value and value if irrigable, and the plaintiff had the right to take the opinions of witnesses as to the value of the land assuming it to be dry. The district court heard the evidence that the value of the land was increased by seepage and that it was not, and the finding in favor of the plaintiff is conclusive here.

Nothing else discussed in the briefs requires that the judgment of the district court be reversed and it is affirmed.