No. 24,576.

HERMAN TRAPP, *Appellee*, v. THE RAILROAD MEN'S REFINING COMPANY, and C. V. VAN MATRE, *Appellants*.

SYLLABUS BY THE COURT.

1. CORPORATION—*Issuing Stock in Excess of Amount Authorized—Action for Relief on Account of Fraud—Limitation of Action.* In a plaintiff's bill of particulars filed before a justice of the peace allegations that the defendant corporation issued to him a certificate of stock in excess of the amount it was authorized to issue, for which he paid its face value, not learning of its invalidity until later, sufficiently sets out a cause of action for relief on the ground of fraud.

2. SAME—*Amount of Damages Recoverable.* In such an action the plaintiff is entitled to recover as damages the amount he paid for the overissued stock.

3. SAME—*Purchaser of Overissued Stock Not Estopped to Assert Its Invalidity.* The purchaser of such overissued stock is not estopped to assert its invalidity by having participated in a stockholders' meeting which voted for an increase of stock, which was afterwards granted, he at the time being ignorant of the fact of overissue. Nor is he concluded by an entry on the books of the company purporting to show him to be a holder of stock issued by virtue of the increase allowed.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 10, 1923. Affirmed.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew,* all of Wichita, *Arch F. Williams, B. R. Leydig, K. M. Geddes,* and *E. W. Grant,* all of El Dorado, for the appellants.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: On April 28, 1921, Herman Trapp sued the Railroad Men's Refining Company, a Kansas corporation, alleging that while the full amount of its authorized stock was outstanding it had issued to him a certificate for 20 shares of unauthorized stock, for which he paid $200—the face value; that he did not learn of his stock being an overissue before July 7, 1919. C. V. Van Matre was joined as a defendant under the allegation that he had contracted with the corporation to pay all demands against it, including those for spurious stock. The plaintiff recovered judgment for $200, and the defendants appeal.

1. The defendants assert that the action was barred by the three-

year statute of limitation. It may be regarded as one for relief on the ground of fraud—which the plaintiff had a right to bring (14 C. J. 468)—properly brought within two years from discovery. An objection is urged to this theory on the ground that the plaintiff's petition (strictly a bill of particulars, as the case was begun before a justice of the peace) does not allege fraud. The word fraud is not used in the pleading, but the allegations above indicated are sufficient for the purpose under the liberal treatment properly extended to pleadings in justice court. The issuance of the certificate was necessarily a false representation on the part of the corporation that the stock was valid (14 C. J. 468), and an inference that the plaintiff relied thereon may be drawn from allegations that he did not know of its illegality and that he desired to become a stockholder. He was not required to allege that he was free from a want of ordinary care.

2. A further objection to sustaining the judgment by treating the action as one for fraud is made on the ground that the measure of damages in such a case is the difference between the value of what the plaintiff received and what its value would have been if the representations had been true, and that here it was not shown what the stock would have been worth if genuine. The rule invoked (that of *Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496) is for the benefit of the injured party and the wrongdoer cannot complain because of his being satisfied with the mere return of his money, which is one of the remedies open to him. (14 C. J. 468.) The rule does not apply where nothing of value is received (*Anderson v. Heasley,* 95 Kan. 572, 578-9, 148 Pac. 738; 27 C. J. 95), as was the case here, the certificate having no validity. Moreover the price paid for an article is some evidence of its value for the purpose of assessing damages in such a case as the present. (*Epp v. Hinton,* 91 Kan. 513, 517, 138 Pac. 576; 12 R. C. L. 453.)

3. It was shown that on May 18, 1918, the holder of a proxy from the plaintiff participated in a meeting of stockholders at which it was voted to increase the capital stock; that on November 9, 1918, the stock was increased, and that the plaintiff's name appeared on the books as one of the subscribers to the new stock; and that on December 14, 1918, the plaintiff personally took part in a stockholders' meeting. The defendants urge that he was therefore estopped to assert the invalidity of his stock. He could not be

estopped by reason of acting as a stockholder while he mistakenly believed his stock to be genuine, and he is not concluded by entries in the books of the company showing him to be a holder of new stock.

The judgment is affirmed.