## PERRY v WILLS

Ohio Appeals, 2nd Dist, Franklin Co
No 1991. Decided Feb 17, 1931

R. H. Roberts and Pugh & Pugh, Columbus, for Perry.

O. H. Mosier, Columbus, for Wills.

HORNBECK, J.

As this case comes into this court on appeal, we must consider it **de novo** and weigh the evidence as a trial court.

There is much oral testimony in the record touching the vital question in this case, namely, the alleged misrepresentation as to the amount of the mortgage indebtedness due from the defendants and secured by their two-thirds interest in the property which they conveyed to plaintiff.

It is the claim of the defendants that the plaintiff understood fully the exact situation touching the indebtedness secured by the mortgage and just what he was taking over. While the plaintiff testifies, as he alleges in his petition, that he thought the sum total of the mortgage was $15,090.25.

We are content to determine what representations were made by the language of the contract. It is altogether probable that all that was said by the parties was merged in this contract, and it is proper inasmuch as it definitely sets out the representations on the matter in controversy, that we should use it for that purpose.

The contract reads:

"Party of the first part, (Wills) * * * does * * * hereby promise and agree to convey to said party of the second part, (Perry) * * * by good and sufficient deed of general warranty an undivided two-thirds interest in eight apartments known as number 29 West First Avenue in the City of Columbus, Ohio, free and clear from all encumbrances except any conditions or restrictions that may be contained in the chain of title in said premises, and except the balance due May 1st, 1930, on a certain mortgage in favor of The Ohio Building & Loan Association of Columbus, Ohio, in the sum of $15,090.25, said mortgage bearing in-

tcrest at the rate of 6½% per annum, payable in monthly installments of $225.00 each, and also except all taxes and assessments becoming due and payable in June, 1930, and thereafter; which said mortgage, taxes and assessments second party agrees to assume and pay as part of the consideration for the exchange of property and to save the first party harmless therefrom."

This contract was dated April , 1930. The deed pursuant to said contract, dated May 1st, 1930, carried the exact language of the contract which we have heretofore quoted.

As properly disclosing the true situation respecting this mortgage indebtedness reference will be had to the language of the deed from William Goshorn to defendant, Ira R. Wills, wherein he took title to the identical property which he was conveying to the plaintiff, "that said premises are free and clear from all encumbrances whatsoever, save and except the mortgage amounting to about $22,105.84 in favor of the Ohio Building & Loan Company of Columbus, Ohio, which mortgage encumbers the whole of the property herein described, as well as grantor's fractional portion herein conveyed;" * * *

It is obvious that the representation in the contract and the exception carried into the deed respecting the mortgage, the amount thereof, and plaintiff's relation thereto, was in effect a misrepresentation of fact. It likewise clearly affected the value of the property which the plaintiff was to secure by the exchange; that it was known by defendants can not, of course, be questioned. The two-thirds interest of defendants' realty which plaintiff was securing by the exchange was liable not only for the $15,090.25, but if the other one-third of the real estate did not pay the balance up to the total amount of $22,635.38, the two-thirds was security for this sum also.

The fact that the defendants having the exact language in the deed from Goshorn correctly stating the situation respecting the mortgage indebtedness on the property chose to use language, the tendency of which would be to lead the plaintiff to believe that the $15,090.25 represented the total sum of mortgage indebtedness, is a circumstance tending to support plaintiff's claim. There is nothing in the record disclosing that the plaintiff had knowledge of the probable value of the other one-third of the property owned by defendants, nor in fact that he knew or could have known without inspection of the abstract that the mortgage securing $15,090.25 was not given originally upon the two-thirds only which

he was securing by the exchange.

It is claimed that the plaintiff can not now assert the misrepresentation by the defendants because he failed to avail himself of the opportunity to examine the record or look at the abstract which would have disclosed the true situation. This contention is not sound, because defendants made an express representation of a material fact affecting the value of the property for which plaintiff was trading.

The rule is well stated in Martin v Hutton, (Neb) 36 L.R.A. N.S. 602:

"A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where investigation would be required to discover the truth."

And the relief may be granted although the misrepresentations knowingly made as to a material fact were not made with actual fraudulent intent.

As stated in 6 O. Jur. 494:

"False representations by a purchaser, of matters of fact of which he is bound to know the truth, will justify the rescission of a sale made in reliance on such representations, although they were not made with an actually fraudulent intent."

Citing **Gallipolis Furniture Co v Symmes** 19 O.C.C. 659.

**Parmlee v Adolph 28 Oh St 10; Aetna Insurance Co. v Reed, 33 Oh St 283; King v Hopkins, 13 O.C.C. 305,** which latter case the note at the bottom of the text discusses.

We are therefore of opinion that the plaintiff has established all the material averments of his petition necessary to the relief sought, and it will therefore be granted as prayed, excepting that portion of the prayer which asks for the appointment of a receiver, upon which at this time we express no opinion.

ALLREAD, PJ, and KUNKLE, concur.