**GUSMAN, Plaintiff-Appellee, v. PETER et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22783. Decided May 18, 1953.

28

Stanley, Schmoyer & Schwartz, Cleveland, for plaintiff-appellee.
John Kras, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

Construing the allegations of the cross-petition in their most favorable light to the defendant, as the trial court was obliged to do, said allegations with respect to plaintiff's representations (plaintiff being a resident of Florida and defendant a stranger in the State) to the defendant that a beer and wine license for a restaurant which plaintiff was selling to the defendant was readily obtainable, which statements plaintiff knew to be untrue, under the circumstances as set forth in the cross-petition were statements of fact and not of opinion or law, and therefore a good cause of action in fraud and deceit is stated, the court relying upon the following authorities:

23 American Jurisprudence, page 815, Sec. 49:

"As between residents of different jurisdictions, representations as to the law of a foreign state affecting title to land there situated are not matters of opinion or representations as to the law, but representations of fact in the strict legal sense of the word and will sustain a charge of fraud."

9 A. L. R. page 1049, reads as follows:

"The general law that a misrepresentation of law affords no ground of redress or relief, has its exception as is seen by the law laid down by the above text book writers. One of the exceptions is that where one of the parties had had a superior means of information, professes a knowledge of the law and thereby obtains an unconscionable advantage of another who is ignorant, then a cause of action will lie as if the misrepresentations had been concerning a matter of fact."

208 Iowa Reports page 254, Baker v. Brockelman, bottom of page 259 reads as follows:

"If the facts are not equally within the knowledge of both parties, if they do not stand on a common footing of opportunity and knowledge, if the representor has the greater knowledge or means of knowledge, if the parties are not dealing with facts before them equally open and observable, if the representation, though in form in the nature of an opinion, is not sincere, but made for the purpose to deceive, the representor may be found to have represented by implication the existence of the facts necessary to sustain the representation which he puts in the form of an opinion (citing cases) * * *. This is true though the affirmation takes the form of an opinion."

See also: Epp v. Hinton et al, 91 Kans. 513, parag. 3 of syllabus; **Perry v. Wills, 9 Abs 613** (2nd Dist. Franklin Co. Court of Appeals).

For the reasons stated above, the judgment is reversed for error in sustaining the demurrer to defendant's cross-petition and the cause is

remanded with instructions to overrule the same and for further proceedings according to law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.