BERTHA *v.* REGAL MOTOR CAR CO.

PRINCIPAL AND AGENT—FRAUD—RELEASE.

Accepting as true plaintiff's evidence and giving it the greatest probative value, it appeared that his eye was injured in the employ of defendant because of a defective condition of its drill, that the medical adviser and legal counsel of its accident insurance company issuing a policy of indemnity insurance against accidents, by false representations as to the condition of plaintiff's eye, procured a release and settlement of his claim for $110 and medical expenses, that, finding his eye was blind and the other eye affected, plaintiff tendered back the amount received and sued for negligent injuries. *Held*, that by adopting the release, pleading it as a defense and having acted on it in other particulars, defendant ratified the fraudulent acts of the insurer's physician and lawyer so as to present an issue of fact whether the release was void for fraud.

Error to Wayne; Hally, J. Submitted June 4, 1913. (Docket No. 27.) Decided March 28, 1914. Rehearing denied June 4, 1914.

Case by Louis Bertha against the Regal Motor Car Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Dohany & Dohany,* for appellant.

*Donnelly, Lyster, Brennan & Munro,* for appellee.

MCALVAY, C. J. Plaintiff and appellant brought suit against defendant in an action to recover damages for injuries received by him while in its employment, whereby he lost the sight of one of his eyes, claimed to have been caused by the negligence of defendant. The case was brought on for trial before the court and a jury, and, at the close of plaintiff's case, on

motion of defendant, a verdict was directed by the court in its behalf against the plaintiff. From a judgment duly entered upon this instructed verdict in favor of defendant, plaintiff has removed the case to this court upon writ of error.

In stating the facts in this case, this court will follow the well-established rule in cases of a judgment entered upon an instructed verdict against the appellant by giving the proof presented upon his part its greatest probative value.

The case presented by appellant shows that he was an "experienced, all around machinist," employed at the time as an automobile assembler by defendant; that the injury referred to occurred September 22, 1911, and was caused by a defective drill in an electric hand motor which he was then operating, which drill had been furnished plaintiff by the keeper of defendant's stockroom, upon the usual requisition in the due course of business; that immediately after this injury the stockkeeper took plaintiff in defendant's automobile from its factory to the office of Dr. Goux, a surgeon and eye specialist, who was employed by the London Guaranty & Accident Insurance Company, by which company defendant was insured against industrial accidents; that, after the examination, Dr. Goux ordered plaintiff removed to Harper Hospital, where he treated him until October 9th following, when he was discharged. During the time plaintiff was confined in the Harper Hospital under treatment by Dr. Goux, he was visited several times by Thomas Cotter, an attorney and claim agent employed by the London Guaranty & Accident Insurance Company, who talked with plaintiff relative to a settlement, and requested him to call at his office in the Ford Building as soon as he got out of the hospital.

The night before plaintiff left the hospital Dr. Goux called upon him and stated to him he would recover

his eyesight in six or seven weeks, and could again go to work. The next morning, after plaintiff left the hospital, he went to Dr. Goux's office, where the doctor told him the same thing relative to recovering his sight, saying that he would see as well as ever in six or seven weeks. The same day he went to Attorney Cotter's office, as requested, and, while there, Mr. Cotter telephoned to Dr. Goux in the presence of and at the request of plaintiff, and, when he was through, told plaintiff the doctor said he would get his eyesight back in six weeks. Following that, within half an hour, negotiations for a settlement were closed for the sum of $110 cash, hospital and doctor's bills not to exceed $100, and plaintiff, at Mr. Cotter's request, signed a full release and discharge to the defendant Regal Motor Car Company, from all claims for damages against it by reason of injuries sustained from the accident in question, which writing is in words and figures, as follows:

"For and in consideration of the sum of one hundred and ten ($110.00) dollars to me in hand paid in cash and the payment of my hospital and doctor bills not to exceed the sum of one hundred ($100.00) dollars, making a total of two hundred and ten ($210.00) dollars by the Regal Motor Car Company, receipt whereof is hereby confessed and acknowledged, I, the undersigned do hereby release, discharge, forever quit-claim and set over unto the said Regal Motor Car Company any and all claim, claims, action, actions or causes of action which I now have or may hereafter have against the said Regal Motor Car Company by reason of an accident which occurred to me on or about the 22nd day of September, A. D. 1911, at the plant of the said Regal Motor Car Company in the city of Detroit, in which accident I sustained injuries, personal or otherwise.

"In further consideration of said sum or sums, I, the undersigned do hereby release and discharge the said Regal Motor Car Company from any and all claims for damages which I now have or may hereafter have against the said company by reason of any

act or thing heretofore done. This release to benefit all persons, firms, or corporations chargeable with negligence or liability in the premises.

"In witness whereof I have hereunto set my hand and seal, this 9th day of October, A. D. 1911.

[Signed]    "LOUIS BERTHA.

"Witnesses:
        "HARRY HANFORD.
        "THOMAS M. COTTER."

Plaintiff learned very soon afterwards that the sight of his right eye was totally destroyed, and that there was strong probability of a sympathetic injury to the left eye. He immediately caused the sum of $110, with interest, to be tendered back to defendant company. Through its president this tender was refused, and suit was at once instituted.

To the declaration in the case defendant promptly pleaded the general issue, with the following special notice of defense:

"To said Plaintiff:

"Please take notice that on the trial of the above-entitled cause the said defendant will offer evidence to prove and insist upon in its defense that, if the said plaintiff ever had any claim or cause of action against the said defendant, as in plaintiff's declaration alleged, that the same has been fully satisfied and discharged, and full receipt, release, discharge, and quittance given therefor by the said plaintiff to the said defendant."

During the presentation of proofs on the part of plaintiff, and before directing a verdict for defendant, the court, upon separate motions made by defendant, had excluded and stricken out all the testimony of the plaintiff relative to statements and representations made to him by Dr. Goux and Thomas Cotter, also all the testimony of the witness Cotter relative to the part he had taken in the matter in soliciting and securing a settlement and the release which is in evidence; all for the reason that there was no evidence in the case connecting the acts and doings

of Dr. Goux and Mr. Cotter with the defendant company.

At the close of plaintiff's case, defendant moved for an instructed verdict, the matter having been argued before the court in the absence of the jury before the formal motion was made. The court granted the motion, giving his reasons therefor in the following language:

"But we are not concerned with whether there was fraud or whether there were misstatements in this particular case, because the parties who made these statements, in so far as the testimony goes, have not been shown to be connected with the defendant, the Regal Motor Car Company. There has been testimony introduced here in your absence which shows an agency, but that the agency was of such an extent as would warrant a connection between the defendant and the plaintiff in so far as these representations were made in connection with the alleged settlement, there isn't anything at all in the testimony which would justify us in concluding that was so. Consequently this man accepted the payment of the money, and he cannot now sue a second time for that which he received at another time in full for his compensation, and your verdict will be a verdict for the defendant of no cause of action."

Exceptions were taken to and errors assigned by appellant upon the foregoing holdings of the court, and upon the final direction of a verdict in favor of defendant and against plaintiff. As all of the assignments of error are based upon these rulings of the court which were had upon the sole ground of the insufficient showing on the part of plaintiff of such a relation between Dr. Goux and Mr. Cotter and the defendant in the case to constitute an agency or any authority to act on their part to bind defendant, they will be considered collectively.

Appellant relies upon the application of the doctrine of ratification and estoppel. Considering the evidence on the part of plaintiff as true, there can

no doubt or question arise but that plaintiff has shown beyond a peradventure a serious injury caused while in the employment of defendant; that he was taken from defendant's factory to Dr. Goux's office by one of defendant's employees in defendant's automobile, and from there, by order of Dr. Goux, was taken to and cared for at Harper Hospital as the doctor's patient from the 22d of September to the 9th of October, 1911; that, while he was in the hospital, Attorney Cotter called several times to see him, talked about settling for his injury, and invited him to come to his office; that Dr. Goux assured plaintiff he would recover his eyesight as good as ever within six or seven weeks, and so told Cotter, who repeated the telephone message to plaintiff; that plaintiff, relying upon such assurance, was induced by Cotter to accept $110 in full satisfaction for his injury, and signed a full release to the Regal Motor Car Company, this defendant.

It is an accepted fact that both Dr. Goux and Mr. Cotter were the representatives of the insurance company which had issued industrial accident policies in favor of defendant which were then in force; and it is also an accepted fact that the release which was secured from plaintiff by Cotter was in terms for the benefit of defendant company alone, which, by such release, if valid, was freed from any and all liability on account of the injury which plaintiff had suffered. Without reference to any active fraud on the part of the two representatives of the insurance company, it is apparent that the amount which plaintiff was induced to accept was insignificant compared with the extent of the injury he had suffered, and plaintiff's testimony shows that it amounted to fraud in law.

Appellant contends that defendant has ratified and adopted the acts of these representatives of the insurance company. The pleadings and evidence in the

case disclose the following facts relative to defendant's attitude toward and relation to the release: Soon after accepting the money and signing the release to defendant company, plaintiff discovered that he was totally blind in his right eye, and at once repudiated the settlement by making a full tender of the amount he had received to the president of defendant company. Defendant refused to accept this tender. To the declaration immediately filed (October 10, 1911) as commencement of suit, defendant, on October 21, 1911, filed with its plea a notice of full reliance upon the release and discharge given to it by the plaintiff in defense of any claim or cause of action plaintiff ever had against it. The release is in the record, a written instrument given to defendant in its corporate name, uncontradicted and unexplained, produced upon the trial by defendant's attorneys and used by them upon their cross-examination of plaintiff, concerning which the record shows that they presented the release to plaintiff, had him identify his signature, and testify that it was signed and given by him to the defendant company upon payment to him of the sum of $110, and the defendant company agreed to pay his hospital and doctor's bills, and proceeded at great length with such cross-examination to unequivocally fix the fact that the defendant had settled with him in full, and been released from all claim of every kind arising from the injury he had received for which the suit was brought; and they stated, in answer to a charge by plaintiff's attorney, that defendant had paid Dr. Goux for his services, that it was immaterial, that it was paid by defendant as part of the release, and they admitted it.

It is a proposition of law too fundamental and too well established to require a citation of authorities that, if a party adopts even unauthorized acts of another, and has received and accepted benefits accru-

ing therefrom, he thereby adopts and ratifies the instrumentalities by which the results were obtained, and is estopped from denying that the agent was authorized to act. So in this case, by accepting this release, which upon its face is prima facie a release in its favor and for its sole benefit, by pleading the release as a defense to the suit, by refusing to accept the tender back of money which has been paid to secure the release, by its course of cross-examination to show that it had obtained the release and claiming the benefits of it, by admitting in open court that it had paid Dr. Goux for his services in caring for plaintiff, defendant must be held to have adopted and ratified the acts of the two representatives of the insurance company. Upon this record, the court was in error in striking out the testimony referred to, and in directing a verdict in favor of defendant.

As already stated, and as appears by the excerpt from the charge of the court directing a verdict in the case, the sole question considered and passed upon by the trial judge was the question of the relation of Dr. Goux and Mr. Cotter in this transaction to the defendant company, and this is the only question now before this court for determination. This is not an indirect attack upon this release in a collateral proceeding, nor are we called upon at this time to determine the question of the duty of inspection of the tool, the breaking of which caused this injury, or the negligence of either of the parties to the litigation.

For the reasons herein stated, the judgment of the circuit court is reversed and set aside, and a new trial is ordered.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.