## JONES v. TRADERS & GENERAL INS. CO.
### No. 2513

Court of Civil Appeals of Texas.
Eastland.
May 25, 1945.

Rehearing Denied June 29, 1945.

Smith & Smith, of Anson, for appellant.
Turner & Seaberry, of Eastland, for appellee.

LONG, Justice.

On the 5th day of November, 1942, the appellant, Paul C. Jones, sustained a personal injury in the course of his employment for the O'Brien Co-Operative Gin Company in O'Brien, Haskell County Texas. Appellee, Traders & General In-

740

surance Company, on said date carried a policy of workman's compensation insurance upon the employees of the O'Brien Gin Company. Thereafter, on April 8, 1944, with the approval of the Industrial Accident Board, appellant and appellee entered into a compromise and settlement agreement, in which appellant agreed to and did accept $510 as a full and final settlement for his injuries sustained as a result of the accident in question, in addition to $1246.32 heretofore paid.

On November 13, 1944, appellant instituted this suit against appellee in the District Court of Haskell County, seeking to set aside said settlement agreement upon the ground of fraud. Appellee filed its plea of privilege to be sued in Dallas County, the county of its residence. Appellant duly controverted said plea and sought to hold venue in Haskell County under four exceptions to Article 1995 of the Revised Civil Statutes, namely numbers 23, 28, 30 and 7, Vernon's Ann.Civ. St. Art. 1995, subds. 23, 28, 30, and 7. Upon a hearing before the court and jury of such plea of privilege and controverting affidavit, the court, at the conclusion of the evidence, in response to a motion therefor filed by the appellee, instructed a verdict in its favor and ordered the cause transferred to the District Court of Dallas County. Appellant has appealed.

We are of the opinion that exceptions 23, 28 and 30 to Art. 1995, Revised Civil Statutes, do not apply, and that the court's action in instructing a verdict favorable to appellee on those exceptions was proper.

Appellee, in its motion for an instructed verdict, as applicable to exception No. 7, gave, as grounds therefor, that the evidence wholly failed to show or raise an issue that any fraud occurred in Haskell County, Texas, or that any representations were made by any agent or representative with authority to make them for defendant which induced plaintiff to execute the settlement papers. It further contended the uncontradicted evidence showed that the original physician, to whom the plaintiff went, was his family doctor and had been for years prior to this accident, and that it was upon the suggestion of plaintiff's family physician that he went to Dr. Egdorf in Wichita Falls, Texas, and that there was no evidence of any misrepresentations having been made in Haskell County by either Dr. Frizzel or Dr. Egdorf.

There were no exceptions filed to the controverting affidavit or to plaintiff's pleadings, and no attack was directed at the same in appellee's motion for instructed verdict. Rule 268, Texas Rules of Civil Procedure, provides: "A motion for directed verdict shall state the specific grounds therefor." Rule 90 provides, in substance, that every defect, omission or fault in the pleadings, either of form or of substance, which is not specifically pointed out by exception or motion, shall be deemed waived. Therefore, appellee's contention as to the insufficiency of the pleadings is overruled. The only question for our determination is whether the evidence introduced was sufficient to raise issues of fact for the determination of the jury upon the question of fraud committed in Haskell County.

The evidence shows that the appellant, Paul C. Jones, at the time and place and while in the employment of the O'Brien Gin Company, as heretofore stated, was struck in his right eye by a piece of metal, and that it went across and lodged in his left eye; that another employee of the Gin Company immediately carried appellant to the office of Dr. Frizzel in Knox City, Texas; that Dr. Frizzel on the same day sent him to Dr. Egdorf, an eye specialist, at Wichita Falls, Texas; that Dr. Egdorf treated his eyes, and in January, 1943, removed his right eye; that appellant remained under the care of Dr. Egdorf and made several trips from his home in Haskell County to Wichita Falls for the purpose of treatment. Appellant had been working for the O'Brien Gin Company at the time of his injury for approximately fourteen years and had never had any trouble with his eyes prior thereto.

In March, 1944, appellee sent to the O'Brien Gin Company settlement papers, asking the Gin Company to obtain the signature of appellant to the same. The settlement papers were received by the Gin Company at O'Brien in Haskell County, Texas, and were by the Gin Company delivered to the appellant at said place. Attached to such settlement papers was a letter from Dr. Egdorf to the appellee, Traders & General Insurance Company, which reads as follows:

"On November 6, 1942, P. C. Jones of O'Brien, Texas came to this office with steel in his right eye near the center, and with a sub-conjunctival injury to the left eye.

"The steel was removed from the right eye and patient got along very nicely until about January 5, 1943, at which time vision was lost in this eye and the patient was having pain. The right eye was therefore removed. The patient was kept under observation for several months and then discharged.

"I have recently examined this man and find that he is wearing an artificial eye with good results on the right side, and that vision in the left eye is 20/20. On refraction I found that he takes particularly no lens for distance and due to his age, being 44, he is now having a little difficulty in reading fine print. Fundus examination in the left eye is normal. The difficulty this man is suffering with is a result of his age and not the eye. With reading glasses or bifocal lenses this condition can be corrected. This is not the result of his injury.

"It is my opinion that Mr. Jones has recovered completely without any disability to his left eye and his trouble in reading can be corrected by a reading lens."

Appellant signed said settlement papers, and appellee did pay him the sum of $510 in full settlement of his claim, in addition to $1246.32 heretofore paid.

■ It will be noted in the above letter the following statements: "It is my opinion that Mr. Jones has recovered completely without any disability to his left eye and his trouble in reading can be corrected by a reading lens." Also, "The difficulty this man is suffering with is a result of his age and not the eye. This is not the result of his injury." From the testimony of plaintiff, his wife and his father-in-law, it is shown that on the last Sunday in May, 1944, appellant lost the sight of his left eye, and from the record before us we believe the evidence shows that at the date of the hearing on the plea of privilege appellant was practically blind. Appellee contends there was no proof that any statement made by Dr. Egdorf was false. There is no medical testimony in the record. The evidence shows that appellant suffered with his eyes from the date of his injury until the time of settlement and continued to suffer thereafter. He informed the appellee that he was having difficulty in reading and requested that he be furnished a pair of reading glasses. There is no evidence that appellant had at any time sustained any injury to his eyes, except the injury on the occasion in question, and, as has been heretofore stated, he became blind within the course of two months after he settled his claim. We believe from a consideration of the evidence that an issue of fact for the determination of the jury was raised on that question. It is true, perhaps, that the statements made by Dr. Egdorf in the letter attached to the settlement papers were made in good faith, and that the doctor believed said statements to be true at the time they were made. However, this is immaterial. Cowan v. El Paso Electric Ry. Co., Tex. Com.App., 271 S.W. 79; Casualty Reciprocal Exchange v. Bryan, Tex.Civ.App., 101 S.W.2d 895; Graves v. Hartford Accident & Ind. Co., 138 Tex. 589, 161 S.W.2d 464; 36 Tex.Jur. p. 809, sec. 13; Missouri, K. & T. Ry. Co. of Texas v. Maples, Tex.Civ.App., 162 S.W. 426; Missouri, K. & T. Ry. Co. of Texas v. Reno, Tex.Civ. App., 146 S.W. 207; Texas Cent. R. Co. v. Neill, Tex.Civ.App., 159 S.W. 1180.

■ Appellee further contends there was no proof offered that appellant relied upon such statements of Dr. Egdorf. We cannot agree with this contention. From plaintiff's testimony we quote:

"Q. Were you influenced by any of the letters? A. Yes, I was. That was the only way I was influenced. Dr. Egdorf's statement that my eyes had recoverd and I was going on his statement.

"Q. Did you really know the condition of your eye yourself? A. No, I did not. I was relying on them.

"Q. State whether or not you relied upon the letters that were furnished you from Dr. Egdorf? A. I did.

"Q. You read those in Haskell County? A. Yes, sir.

"Q. Would you have signed up a settlement agreement if it had not been for the letters of Dr. Egdorf? A. I would not."

We believe that the evidence raised an issue of fact as to whether the appellant relied upon the letter from Dr. Egdorf attached to the settlement papers, and that the same should have been submitted to the jury.

■ Appellee further contends there was no proof that Dr. Egdorf was an agent of appellee or had authority to make any statement that would be binding upon appellee. This contention is overruled. Appellee attached the letter from Dr. Egdorf to the settlement papers and made it a

part of the same and used said letter in bringing about the settlement of appellant's claim. It is true,· as contended by appellee, that Dr. Frizzel was the family physician of appellant. He was also the doctor that had been selected by the Gin Company to look after its injured employees. Dr. Frizzel, not being an eye specialist, sent appellant to Dr. Egdorf at Wichita Falls. Plaintiff testified that Dr. Frizzel or Dr. Egdorf never called on him for any pay for their services. As will be seen, the letter attached to the settlement papers signed by Dr. Egdorf was addressed to the Traders & General Insurance Company, appellee herein. At most, an issue of fact was raised as to whether Dr. Egdorf was acting for the appellee, the Insurance Company. However, we deem that issue immaterial, for the reason that the Insurance Company used the statements of Dr. Egdorf in effecting the settlement and accepted the benefits derived therefrom. Bertha v. Regal Motor Car Co., 180 Mich. 51, 146 N.W. 389.

From a careful consideration of the evidence introduced, we believe that issues of fact sufficient to go to the jury were raised by the evidence, and that the court erred in granting appellee's motion for an instructed verdict. For the reasons above assigned, the judgment of the trial court sustaining the plea of privilege is reversed and the cause is remanded for a new trial upon the plea of privilege.