**PACIFIC FINANCE LOANS, Appellant,**

v.

**C. R. INGRAM, Appellee.**

No. 10388.

Court of Civil Appeals of Texas.

Austin.

April 11, 1956.

Irion, Cain, Bergman & Cocke and Cecil G. Magee, Dallas, for appellant.

Runge, Hardeman, Smith & Foy and William I. Marshall, Jr., San Angelo, for appellee.

HUGHES, Justice.

This appeal is from an order overruling the plea of appellant, Pacific Finance Loans, to transfer this case to the District Court of Dallas County.

Appellant was a corporation with its principal office in Dallas County and had no office or resident agent in the county of suit when the cause of action arose or since.

C. R. Ingram, appellee, brought this suit to recover damages, actual and exemplary, as the outgrowth of the conduct of appellant's agents in collecting delinquent pay-

**262**

ments on a loan made by appellant to appellee from appellee's wife, in his absence, and in attempting to collect a collection fee of $25 in connection therewith.

The evidence shows that two of appellants' employees went to the home of appellee in McCulloch County, in his absence, and after some discussion the past due loan payments were made by Mrs. Ingram but the demand for a $25 collection fee precipitated violent argument and a threat by one of the employees to "take everything in the house." Upon leaving the house this employee kicked the screen door against the head of Mrs. Ingram causing her head to strike the facing of the door.

Appellant's points are that appellee failed to plead and prove a cause of action against it arising in McCulloch County under subd. 9, Art. 1995, Vernon's Ann.Civ.St., and failed to plead and prove that its agents were acting within the scope of their employment in the premises or that appellant had authorized or ratified their conduct.

Appellee alleged in his petition that the company through its agents committed the various acts complained of but it did not allege such acts to be within the scope of their employment. Such allegation was, however, made in the controverting affidavit.

 No objection to the pleadings was made in the court below and an objection here comes too late. Rule 90, Texas Rules of Civil Procedure. The question of agency and its incidents appear to have been tried by implied consent of the parties. Rule 67, T.R.C.P.

 Furthermore we find no defect in the pleadings on this score. Under the allegation that appellant, through its agents, committed certain acts evidence that such agents' acts were within the scope of their authority was admissible. Stone v. Whitt, Tex.Civ.App.Waco, 259 S.W.2d 923.

 Appellant contends that when the past due payments were collected that

business of the company with Mrs. Ingram was terminated. This is incorrect. The evidence shows that the agents were still attempting to collect a customary $25 collection fee when they were in the act of leaving and when the door was kicked.

The evidence in this case is not without dispute but it is ample to sustain the implied findings of the trial court that the facts are as we have stated them to be.

 These facts, in our opinion, fix venue of this case in McCulloch County under subd. 9, Art. 1995, V.A.C.S.

The order appealed from is affirmed.