B. E. WILSON, Appellant,

v.

Bob INNESS d/b/a Bob Inness Co., Appellee.

No. 7226.

Court of Civil Appeals of Texas.

Texarkana.

May 24, 1960.

Karl Cayton, Willis E. Gresham, Jr., Lamesa, for appellant.

Woodgate . & Richards, William L. Richards, Dallas, for appellee.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court overruling a plea of privilege is affirmed.

Appellee Bob Inness filed this suit against Appellant B. E. Wilson in the District Court of Dallas County, Texas. The action is cast as a sworn account. Wilson, a resident of Dawson County, Texas, filed a plea of privilege claiming the right to be sued in the county of his residence. Inness controverted Wilson's plea, and asserted venue lay in Dallas County under exceptions to the general rule of venue; he specifically pled subdivisions 9, 23, and 24, Art. 1995, Vernon's Ann.Texas St., and then generally invoked the exceptions named in all other subdivisions of the article. The controverting plea also alleged that Wilson was engaged in the business of a common carrier for hire and adopted and by reference incorporated therein his original petition.

· Appellant Wilson had briefed five points of error. The first complains that the controverting affidavit failed to allege sufficient venue facts to show an exception under Art. 1995 exists in this case; the second complains that the controverting plea failed to allege the appellant was doing business in Dallas County. The remaining points deal with the evidence and assert that there is insufficient or no evidence to support the judgment. The points are grouped for discussion and under the first group the argument narrows the issue down to failure of Inness to allege in his controverting affidavit that Wilson was doing business or had an agency or representative in Dallas County, Texas; and under the second group the insufficiency or absence of evidence to prove Wilson was doing business in Dallas County.

Inness had the burden of pleading and proving that his suit is for damage or loss of freight, and that Wilson's relationship to him was that of a common carrier operating or doing business in or having an agent or representative in Dallas Coun-

ty, in order to establish venue in Dallas County under the exception of Subdivision 24, which he relies upon in this court. See Austin Fireproof Warehouse Transfer Co. v. Faltinson, Tex.Civ.App., 144 S.W.2d 905; 1 McDonald Tex.Civ.Practice p. 401, Sec. 4.31.

Wilson argues forcefully that the facts relied upon to bring a case within the exception of one of the subdivisions of Art. 1995 must be both plead and proved, and that failure to plead the requisite venue facts defeats the plea of the party relying upon the exception.

■ In support of his arguments he cites Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Brown v. Cox, Tex.Civ.App., 53 S.W.2d 848, n. w. h., and numerous other cases. However, his argument does not take into account the absence of any exception by him directed to the insufficiency of the controverting affidavit. Had proper exception to such pleading been made his position would be tenable. The record presented requires the application of the following rule—the failure to except to defects in the controverting plea before judgment is rendered waives the defects. See Rules of Civil Procedure, Rule 90; Hamilton v. Jenkins, 235 S.W.2d 195, Mand. overr., American Casualty & Life Co. v. Robinson, Tex.Civ.App., 220 S.W. 2d 204, n. r. e.; Jones v. Traders & General Ins. Co., Tex.Civ.App., 188 S.W.2d 739, n. w. h.; Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598. See also 1 McDonald Tex.Civ.Practice, p. 447, Sec. 4.49. In the Cumulative Supplement to the text cited in McDonald's it is said: "Moreover, under Rule 67, the venue issues may be tried outside the formal written pleadings by express or implied consent." In support of such rule this authority cites Pacific Finance Loans v. Ingram, Tex.Civ.App., 290 S.W.2d 261; Western Irrigation Co. v. Reeves County Land Co., Tex.Civ.App., 233 S.W.2d 599; Dillingham v. Associated Employers Lloyds, Tex.Civ.App., 233 S.W. 2d 191; Taylor v. Jones, Tex.Civ.App., 244

S.W.2d 371. It must be held that any error in the respect complained about was waived and appellant's first two points will be overruled.

■ The next three points, dealing with proof of Wilson doing business in Dallas County, assert there is no evidence or insufficient evidence to support the judgment.

In evidence by Wilson's own admission is the fact that he held himself out as a common carrier and he had hauled six loads of freight into Dallas County in the past six years, four of the loads within a period of two years or less, and that he was willing to haul into Dallas County if the cargo was suitable. Other evidence was introduced showing that Wilson had done business with Inness in Dallas County by hauling freight on two occasions, one load in 1957, another in 1958, and Inness further testified:

> "Yes, I know. He has hauled several loads for us. I know about that, it is over ten loads for us."

■ In Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428, 431, it is said "* * * The testimony shows that Mayhew had hauled freight in his truck in Parker County at least three different times. This testimony prima facie shows that he was 'doing business' as defined in Exception 24, supra, and, therefore, that he was subject to the jurisdiction of the courts of Parker County. * * *" The nature of evidence sufficient to prove the doing of business in a county will probably vary in each case. In this case it is perhaps not as full and satisfactory as is desirable but the evidence in this record is sufficient to support the trial court's conclusion that Wilson was doing business in Dallas County. The same authority, Mayhew v. McFarland, supra, says, "Doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such

purpose with the intention of thereby initiating a series of such acts." Appellant's third, fourth and fifth points of error are overruled and the judgment of the trial court is affirmed.